Lottie ORUM and William Orum,
Appellants,

v.

SAFEWAY STORES, Inc., a corporation,
Appellee.

No. 2079.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 12, 1957.

Decided Feb. 13, 1958.

John A. Shorter, Jr., Washington, D. C., with whom Roy M. Ellis, Washington, D. C., was on the brief, for appellants.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant wife, whom we shall refer to as the appellant, and her husband sued for damages resulting from an injury she sustained from a fall in one of appellee's stores. At the conclusion of their case, appellee moved for a directed verdict. When the motion was denied, appellee stood upon its motion and offered no testimony. The case was submitted to the jury which returned a substantial verdict for appellants. Appellee then moved to set aside the verdict and enter judgment in its favor. This motion was granted, and our question is whether it was properly granted.

With respect to her fall, appellant was the only witness. She testified she went to the store to do some marketing, and first went to the meat counter and then to the vegetable counter where she selected some greens and placed them in a bag. She then started back to the meat counter and as she approached it four or five store employees were standing in a group near the counter. They were talking with one another and appeared to be looking in her direction. When she was two or three feet from this group she slipped on a string bean lying in the aisle and fell.

On the foregoing testimony, was the jury warranted in finding that appellant's fall was occasioned by appellee's neglect? Appellant, in her brief, concedes there was no evidence that any store employee either placed the bean on the floor or permitted it to remain there, and that there was no evidence of the length of time the bean had been on the floor prior to her fall. Appellant's position is that her testimony "presented the question for the jury wheth-

er any or all of the five employees either saw the bean on the floor or by the exercise of reasonable diligence should have seen it in time to have removed it or to have warned" appellant.

There being no evidence as to how long the bean had been on the floor, and it being possible that another customer may have dropped it just before appellant stepped on it, any finding by a jury that the employees of the store saw the bean or should have seen it in time to remove it or warn appellant, would rest on pure conjecture and not on reasonable inference. The evidence did not furnish a basis for finding negligence on the part of appellee. Brodsky v. Safeway Stores, Inc., 80 U.S. App.D.C. 301, 152 F.2d 677, affirming this court's decision in D.C.Mun.App., 41 A.2d 514. Had the object which caused appellant's fall been of a more substantial size, a different question might have arisen. See Sears, Roebuck & Co. v. Donovan, D.C. Mun.App., 137 A.2d 716.

Affirmed.