Mildred. C. KELLY et al., Appellants,

v.

GREAT ATLANTIC AND PACIFIC TEA
COMPANY, a corporation, Appellee.

No. 15852.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 8, 1960.

Decided Dec. 8, 1960.

Burger, Circuit Judge, dissented.

Mr. Charles H. Quimby, Washington,
D. C., for appellants.

Mr. Jeremiah C. Collins, Washington,
D. C., with whom Mr. Frank F. Rober-
son, Washington, D. C., was on the brief,
for appellee.

Before Mr. Justice REED, retired,*·
WILBUR K. MILLER, Chief Judge, and
BURGER, Circuit Judge.

PER CURIAM.

While Mrs. Mildred C. Kelly was shop-
ping in one of the appellee's stores, she
stepped into a slippery substance on the
floor thought to have been the contents
of a jar of baby food. In the complaint
filed by her and her husband it was al-
leged that the appellee "knew, or in the
exercise of ordinary case should have
known" of the slippery condition of the
floor "in sufficient time to have remedied
the said slippery, dangerous and unsafe
condition before the occurrence herein-
after set forth." At the conclusion of
the evidence, the trial judge directed a
verdict for the defendant, whereupon
this appeal was taken.

There was no evidence that appellee
knew of the presence of foreign matter on
the floor, nor did the proof show the con-
dition had existed long enough to justify
a holding of constructive notice. Brod-
sky v. Safeway Stores, 1945, 80 U.S.App.
D.C. 301, 152 F.2d 677.

Affirmed.

BURGER, Circuit Judge (dissenting).

In the present posture of the case, we
are obliged to view the evidence in the
light most favorable to appellant. That
undisputed evidence shows that appel-
lant walked down an aisle in a super-
market scanning the shelves for merchan-
dise while pushing a grocery cart. She
stopped and slipped on the contents of a
broken jar of some slippery substance
which presumably had fallen on the floor
and spilled from its glass container. The
contents of the jar are not explained or
described except as "slippery" and cov-
ered an area one foot in diameter. At the
instant of the fall and for at least five
minutes preceding the appellant's fall,
one of appellee's clerks was 10 feet from
that point engaged in packing merchan-
dise on the shelves. Appellant heard no
glass container fall and, while she was in

* Sitting by designation pursuant to Section 294(a), Title 28 U.S.C.

the aisle looking at the merchandise on shelves, did not see the danger.

The jar may have fallen *before* appellee's clerk walked into the aisle in which case a jury could reasonably find that he should have seen it and taken steps to protect customers. Or the jar may have fallen *after* the clerk was stocking shelves 10 feet away, in which case a jury could reasonably find that the clerk should have heard or seen the fallen jar and the dangerous condition it created and that his failure to do so was negligence.

That this admittedly dangerous condition existed in a heavily traveled area rather than in an isolated unused spot, and that an employee was 10 feet from a dangerous condition of a size more readily observable by the clerk than by the customer engaged in scanning shelves for merchandise placed there for her to view, provides, for me, a jury question. Doctors Hospital, Inc. v. Badgley, 1946, 81 U.S.App.D.C. 171, 156 F.2d 569; Washington Market Co. v. Clagett, 1901, 19 App.D.C. 12; Louie v. Hagstrom's Food Stores, Inc., 1947, 81 Cal.App.2d 601, 184 P.2d 708; Langley v. F. W. Woolworth Co., 1925, 47 R.I. 165, 131 A. 194, 196.

We said in Brodsky v. Safeway Stores, Inc., 1945, 80 U.S.App.D.C. 301, 152 F.2d 677, where a customer slipped on vegetable debris:

> "If there had been evidence that the condition complained of had continued for a substantial time there might have been a question for the jury."

Here the evidence can be read as showing that the broken glass jar and contents were present when a clerk worked 10 feet from it in a narrow aisle, or that it fell from the shelf 10 feet from his eyes and ears. In either case a jury's conclusion that he should have known of it would be reasonable.

This case also illustrates the wisdom of the rule that cases like this should go to the jury for a verdict so that the question can come to us on a judgment notwithstanding the verdict.