88 N.J. Super. 209 (1965)
211 A.2d 391
RUDY PLAGA, PLAINTIFF-APPELLANT,
v.
GEORGE FOLTIS, T/A ROXY RESTAURANT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1965.
Decided June 22, 1965.
Before Judges GAULKIN, FOLEY and COLLESTER.
*210 Mr. Vincent J. Agresti argued the cause for appellant.
Mr. Robert R. Witt argued the cause for respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. H. Frank Carpentier, on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff appeals from a Law Division judgment of involuntary dismissal entered at the close of plaintiff's case. The matter was tried before a jury.
The proofs disclosed that on February 9, 1962, at about 6:15 P.M., plaintiff was a patron of defendant's restaurant. From the evidence and the oral argument we gather that the restaurant was laid out as follows: In the front portion there was a counter at which food was served. This extended for about half the length of the premises. Beyond the counter were booths and tables where food was also served, a telephone booth, and a pinball machine. Adjacent to this area was a kitchen. At or near the counter was a steam table and grill from which food was dispensed to the patrons.
Plaintiff upon entering the restaurant took the second or third stool from the end of the counter. During the period of 1 1/2 hours while he was there he observed nobody eating at any of the booths.
Patrons at the counter were served by a waitress. From time to time defendant's bus boy wheeled, on a "dummy," dirty dishes, food remnants and utensils, from the counter through the rear area to the kitchen where the dishes were washed. The employee also brought back clean dishes from the kitchen.
After plaintiff had finished his meal he went to the pinball machine, which he played for 10 or 15 minutes. Returning therefrom he suddenly slipped and fell. He stated that he did not know what caused him to fall.
Anthony Marcello, an attendant on an ambulance which was called to the scene, testified that when he arrived he found *211 the plaintiff flat on his back. Concerning the condition of the floor where plaintiff lay, Marcello testified:
"It looked like there was a piece of fat or a piece of bread that was soaked in gravy, and there was a skid mark where he had fallen. I would say, roughly, approximately eight to twelve, fourteen inches."
Katherine M. Joline, the waitress referred to above, testified that she was at the end of the counter when plaintiff fell. After he fell, she saw a piece of fat on the floor and "a long skid mark." She said that she served no one between 6:00 and 7:30 P.M. where the fat was found, and that the booths and tables were clean and there were no dishes on them.
Leroy L. Joline, husband of the waitress, testified that he was in the first booth in the rear. He did not see plaintiff fall, nor what caused him to fall, but hearing a crash either "alongside" of him or "more or less to the rear" of him, he turned and observed plaintiff lying on the floor "just opposite" where he was sitting. When plaintiff was lifted from the floor Joline noticed a "piece of fat" the "size of a quarter" at the end of a "skid mark" about 12 inches in length. He said also that during the half-hour he was on the premises nobody ate at any of the booths.
Plaintiff's case was posited upon the theory that the foregoing proofs and the inferences to be legitimately drawn therefrom circumstantially were susceptible of a finding that defendant, through his servant the bus boy, had negligently created the hazard which resulted in plaintiff's injury, by dropping to the floor and by failing to remove therefrom the substance which caused the plaintiff to slip. In resisting the motion for involuntary dismissal plaintiff conceded that there was no evidence that defendant had actual or constructive knowledge of the presence of the offending foreign matter on the floor, but he took the position, as he does now, that where a hazard is created by a business invitor, proof of notice, actual or constructive, is not requisite.
The trial court disagreed, holding that plaintiff was bound to prove either actual or constructive notice, citing Simpson *212 v. Duffy, 19 N.J. Super. 339 (App. Div. 1952), certification denied 10 N.J. 315 (1952), as controlling. We find this to be error.
In Simpson plaintiff came into defendant's supermarket to make purchases. While walking down the aisle at which vegetables were displayed she suddenly slipped and fell. The cause of her fall was unknown to her until after it occurred. After being picked up and seated on a box four or five feet away, she could see that it had been caused by "some sort of vegetable * * * it was dripping all over; * * * some sort of a vegetable leaf." One employee of the defendant was trimming vegetables and another was carrying them across the aisle and placing them in display bins. There, as here, plaintiff conceded the absence of evidence of constructive notice but argued that the proofs justified an inference that the foreign matter had been dropped on the floor by an employee of the store. The court found to the contrary, pointing out that the customer activity in the self-service supermarket was such that it was a matter of sheer speculation as to whether the vegetable leaf had been dropped to the floor by a customer or by an employee.
It is readily inferable from Simpson that had the proofs established as a matter of reasonable probability that the presence of a leaf on the floor was attributable to employee activity, the absence of notice, actual or constructive, would have become unimportant. In this connection generally, see Torda v. Grand Union Co., 59 N.J. Super. 41, 44 (App. Div. 1959). And see Bozza v. Vornado, Inc., 42 N.J. 355, 360 (1964); cf. Bell v. Eastern Beef Co., 42 N.J. 126 (1964), Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36 (Sup. Ct. 1935).
No reported case in this jurisdiction of similar factual context is cited to us. Perhaps the one which comes closest is Bozza v. Vornado, Inc., supra, but there the decision turned upon the proposition that the over-all circumstances attending defendant's restaurant operation were such as to create the reasonable probability that the dangerous condition resulting *213 in plaintiff's injuries would occur. This also was the rationale of Torda v. Grand Union Co., supra, 59 N.J. Super., at p. 45. Foreseeability of harm arising from the maintenance of business premises was the touchstone of the Bozza and Torda cases.
However, elsewhere we find authority in point. In Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434 (Ill. Sup. Ct. 1958), a patron in a restaurant, while leaving the premises, slipped and fell upon a fried onion ring which inferably was dropped by a restaurant employee. The court held that where a foreign substance is on the premises due to negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive; whereas if the substance is on the premises through acts of third persons, the time element to establish notice or knowledge to the proprietor is a material factor. The court said:
"Where * * * in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice." (at p. 439; Emphasis added)
The court added, "[m]oreover, from our review of the cases, there appears to be a diminishing reluctance by courts to accept such circumstantial evidence to establish that the foreign substance came on the floor through defendant's negligence," citing 31 N.C.L. Rev. 134. See also Wood v. Walgreen Drug Stores, 125 S.W.2d 534 (Mo. App. 1939), Annotation, 61 A.L.R.2d 1 (1958). We are completely in accord with this holding and we find it dispositive of the case before us.
Our courts have long held the view that circumstantial or presumptive evidence, as a basis for deductive reasoning in the determination of civil causes, is defined as "a mere preponderance of probabilities, and, therefore, a sufficient *214 basis of decision." Jackson v. Delaware, L. & W.R.R. Co., 111 N.J.L. 487, 491 (E. & A. 1933). Further, that where a fact cannot itself be demonstrated, "that which comes nearest to proof of it is proof of the circumstances necessarily or usually attending it." Id. See also 2 Harper & James, Torts, § 19.4, pp. 1072-1074 (1956).
As we view the present case the circumstantial evidence was such that reasonable minds might rationally conclude that the hazard which brought plaintiff to his injury came about through the act or omission of the bus boy in permitting the fat, or gravy-soaked bread, to fall from the cart as he wheeled it to the kitchen. It lay in the aisle which was traversed by the bus boy as he moved back and forth from the kitchen. The substance itself was connected with defendant's business, that is to say, it was a part of the product which he dispensed. For 1 1/2 hours prior to the accident no customer had been served food in any of the booths, and thus it might be concluded that its presence on the floor was not attributable to one of that class of persons. Plainly, on these facts a jury might find that it was more probable that the substance was on the floor because of the negligence of the employee than that it had been deposited by a customer. Therefore, the question of the negligence of defendant's employee was for the jury and a conclusion to that effect would not have been based upon the sheer speculation abjured by Simpson v. Duffy, supra.
As we have noted above, plaintiff expressly rejects the constructive notice doctrine as a basis of liability. We therefore express no opinion as to whether or not, on the proofs as stated, liability could be predicated upon that theory.
Reversed.