**Louise W. NAPIER, Appellant,**

v.

**SAFEWAY STORES, INC., a corporation, Appellee.**

**No. 3759.**

District of Columbia Court of Appeals.

Argued Oct. 26, 1965.

Decided Dec. 23, 1965.

Rehearing Denied Jan. 11, 1966.

Karl G. Feissner, Washington, D. C., with whom Erwin A. Alpern, Washington, D. C., was on the brief, for appellant.

James A. Belson, Washington, D. C., for appellee. Neal E. Sheldon, Washington,

D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellant complains that while shopping in a Safeway store she fell when she slipped on some grapes. She sued to recover damages for personal injuries, charging appellee with negligence in the maintenance of the premises. At the conclusion of her case, the trial court directed a verdict against her on the ground there was no evidence of either actual notice to Safeway of any grapes on the floor or evidence adduced that they had been there long enough to constitute constructive notice. From this action she has appealed.

It is established law in this jurisdiction that a storekeeper is not an insurer or · guarantor of his customers' safety [1] but owes them only the duty to keep the store in a reasonably safe condition. He will be held liable to an injured customer for failure to meet this standard,[2] but the mere happening of an accident does not impose liability or permit an inference of negligence.[3] The burden rests upon the customer to prove the proprietor was negligent in either creating the alleged condition or in permitting it to continue and that this negligence was the proximate cause of the injuries. Thus, appellee would not be liable unless it be shown either that, through its employees, Safeway was aware of the foreign substance in the aisle or that it had been there sufficient time as to constitute constructive notice to the store of its presence.

Appellant testified as to the circumstances surrounding her fall but produced no witness [4] to establish that grapes had been on

1. Giant Food Stores, Inc. v. Bowling, D.C. App., 202 A.2d 783 (1964).

2. Preston v. Safeway Stores, Inc., D.C., 163 F.Supp. 749, aff'd, 106 U.S.App.D.C. 114, 269 F.2d 781 (1959).

3. Brown v. Alabama Foods, Inc., D.C. App., 190 A.2d 257 (1963).

4. At his deposition, the assistant manager of the store stated he was taken by ap-

the floor prior to her fall or that any employee had actual knowledge of such a hazard. The manager of the produce department, called as a witness by appellant, admitted it was not uncommon for grapes to be on the floor, explaining customers sometimes drop them in the course of making a selection, but that it was the practice to sweep the floor regularly as circumstances dictated, sometimes every ten or fifteen minutes, depending on the number of customers in the store, and that on the day in question the floor was cleaned between 8:45 a. m. and 9 a. m. before the store opened for business and after the produce was set out. Appellant fell shortly after she entered the store about 9:15 a. m., and it was estimated there were six to twenty customers shopping at that time in various areas of the store.

Applying the criteria outlined above, we find, as did the trial judge, that the record is devoid of any facts upon which a jury could predicate negligence on the part of appellee. There is no evidence that any employee actually knew grapes were on the floor or that they had been permitted to remain there over such a period of time that failure to discover and remove them would amount to negligence. Appellant argues that an employee, neither identified nor produced, who was standing nearby, either saw or could have seen the grapes and should have either removed them or warned her. Such a vague imputation of knowledge to establish a foundation for creating a duty cannot be acceptd as competent evidence thereof.[5]

■ Wholly without merit is appellant's contention that everything in the produce department should have been wrapped in cellophane to keep the produce from falling on the floor and that appellee's method of displaying the grapes in unwrapped boxes constituted negligence in and of itself. No authorities are cited in support of this contention and we find no basis in law for imposing this extra burden upon a storekeeper. Furthermore, the record discloses that appellee made reasonable effort to keep the floors clean from grapes and other refuse.

Appellant seeks to overcome her evidentiary deficiency by citing the case of Plaga v. Foltis, 88 N.J.Super. 209, 211 A.2d 391 (N.J.1965). There plaintiff fell in an area of defendant's restaurant in which no customers had been served for 1½ hours and where only a bus boy had traversed. It was held that circumstantial evidence of the presence of food material on which plaintiff slipped was attributable to the bus boy's negligence and was sufficient to take the case to the jury, despite defendant's lack of notice. On the facts that case is clearly distinguishable from appellant's for a jury might well have concluded in Plaga that the food had been dropped by the bus boy or had been allowed to remain a sufficient time as to constitute notice.

■ The party against whom a verdict is directed is entitled to every reasonable and favorable intendment of the evidence, but even with the benefit of this guideline, appellant's evidence was not of the caliber which would permit sending the case to the jury, for there was nothing from which it could have reasonably drawn an inference of negligence. Any such conclusion would not be based on fact but would rest on pure conjecture or speculation[6] or the gratuity of generosity.

---

pellant to the place where she told him she had fallen, that he saw a little wet scar on the floor, approximately a half inch wide and three inches long, and that it "looked like" a grape caused it. He did not testify at trial as he died before the date of the trial.

5. Orum v. Safeway Stores, Inc., D.C.Mun. App., 138 A.2d 665, 666 (1958).

6. See Orum v. Safeway Stores, Inc., supra, note 5.

Appellant also contends it was error to deny her request to introduce as original evidence the deposition of the manager of the produce department. She relies on GS Rule 26(d)(2) of the trial court which permits the use for any purpose of the deposition of an employee if at the time of the deposition the employee was a managing agent of a private corporation. A managing agent, as distinguished from an employee, is one invested by his corporation with general powers to exercise his judgment and discretion in dealing with corporate matters, who does not act under close supervision or direction of a superior authority, and has the corporation interests so close to himself that he could be depended on to give testimony in conformity with his employer's direction. Krauss v. Erie R. Co., 16 F.R.D. 126 (S.D.N.Y.1954). See also Rubin v. General Tire & Rubber Co., 18 F.R.D. 51 (S.D.N.Y.1955). Certainly this employee, as manager of the produce department of a branch store, was not a "managing agent" as contemplated by the rule, and the trial judge properly refused admission of his deposition.

Appellant, however, also asserts she had the right to use the employee's deposition to impeach his testimony after he was called as her own witness on the ground he was a hostile or adverse witness and his oral testimony at trial differed substantially from his deposition. While an employee with over eighteen years' service may owe some allegiance to his employer, appellant laid no foundation that this witness was in fact hostile and the record reveals no material difference between his testimony on the stand and that in his deposition. We rule that the use of the deposition for this purpose was also properly denied.

As we find no error in the action of the trial judge in directing a verdict for appellee, the judgment thereon is

Affirmed.