MARY E. WOLLERMAN AND PAUL G. WOLLERMAN, PLAIN-
TIFFS-APPELLANTS, v. GRAND UNION STORES, INC.,
DEFENDANT-RESPONDENT.

Argued May 24, 1966—Decided July 6, 1966.

428

*Mr. Antranig Aslanian, Jr.,* argued the cause for appellants (*Mr. William V. Breslin,* attorney).

*Mr. William R. Morrison* argued the cause for respondent (*Messrs. Morrison, Lloyd & Griggs,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. Plaintiff, Mrs. Wollerman, shopping for green peppers in the vegetable section of the defendant's supermarket, slipped and fell when she stepped on a string bean. Nearby, but not waiting on her, was an employee of the market. The proofs did not show how the bean fell to the floor, or how long it was there before her misadventure. The trial court dismissed at the end of plaintiffs' case, and the Appellate Division affirmed. We granted certification. 46 *N. J.* 217 (1966).

The trial court found the evidence was insufficient because there was no proof that defendant knew the bean was on the floor, or that the bean was there long enough to permit an inference that defendant knew of it. Reliance was placed on *Simpson v. Duffy,* 19 *N. J. Super.* 339 (*App. Div.* 1952), certif. denied, 10 *N. J.* 315 (1952). The Appellate Division agreed, and added that it could not be found that an employee of defendant was responsible for the presence of the bean, as was the case in *Plaga v. Foltis,* 88 *N. J. Super.* 209 (*App. Div.* 1965), or that defendant's mode of operation itself caused the bean to fall to the aisle, cf. *Torda v. Grand Union Co.,* 59 *N. J. Super.* 41 (*App. Div.* 1959). In short, the judgment went against plaintiffs because it could be that another customer dropped the bean, and dropped it so near the moment of the accident that defendant, though duly diligent, was unaware of it.

 That someone was negligent seems clear enough. Vegetable debris carries an obvious risk of injury to a pedestrian. A prudent man would not place it in an aisle or permit it to remain there.

When greens are sold from open bins on a self-service basis, there is the likelihood that some will fall or be dropped to the floor. If the operator chooses to sell in this way, he must do what is reasonably necessary to protect the customer from the risk of injury that mode of operation is likely to generate; and this whether the risk arises from the act of his employee or of someone else he invites to the premises. The operator's vigilance must be commensurate with that risk. *Kahalili v. Rosecliff Realty, Inc.*, 26 *N. J.* 595, 603 (1958); *Ambrose v. Cyphers*, 29 *N. J.* 138, 144 (1959).

Here the hazard could have been caused by (1) carelessness in the manner in which the beans were piled and displayed; or (2) carelessness of an employee in handling the beans thereafter; or (3) carelessness of a patron. As to (1) and (2), defendant is chargeable whether or not it was aware of its employee's neglect. Defendant's knowledge is relevant only as to (3), but even there, since the patron's carelessness is to be anticipated in this self-service operation, defendant is liable, even without notice of the bean's presence on the floor, if (4) defendant failed to use reasonable measures commensurate with the risk involved to discover the debris a customer might leave and to remove it before it injures another patron.

The customer is hardly in a position to know precisely which was the neglect. Overall the fair probability is that defendant did less than its duty demanded, in one respect or another. At least the probability is sufficient to permit such an inference in the absence of evidence that defendant did all that a reasonably prudent man would do in the light of the risk of injury his operation entailed. It is just, therefore, to place "the onus of producing evidence upon the party who is possessed of superior knowledge or opportunity for explanation of the causative circumstances." *Kahalili v. Rosecliff Realty, Inc., supra*, 26 *N. J.*, at *p.* 606; *Bornstein v. Metropolitan Bottling Co.*, 26 *N. J.* 263, 269 (1958).

Thus in *Francois v. American Stores Co.*, 46 *N. J. Super.* 394 (*App. Div.* 1957), it was held that an inference of negligence could be drawn where a stack of cans toppled upon a

customer in a supermarket, notwithstanding that plaintiff was unable to trace the instability of the pile to the conduct of an employee of defendant rather than a customer or to establish when the hazard was created. And in *Bozza v. Vornado, Inc.*, 42 *N. J.* 355 (1964), where plaintiff slipped upon some substance in a cafeteria, we concluded that in the absence of some explanation by defendant, an inference could be drawn that defendant failed to take reasonable steps to protect his invitee from a risk of injury inherent in the nature of the defendant's operation. As in *Kahalili, supra,* we held that "it is appropriate to require defendants to come forward with proof of the measures they took to deal with the probability that litter would fall and accumulate." *Bozza v. Vornado, Inc., supra,* 42 *N. J.,* at *p.* 361.

■■ We appreciate that these views do not square completely with the standard approach to the problem (see generally, Annotation, "Liability of proprietor of store, office, or similar business premises for injury from fall due to presence of litter or debris on floor," 61 *A. L. R.* 2d 6 (1958)), but we are satisfied that where a substantial risk of injury is implicit in the manner in which a business is conducted, and on the total scene it is fairly probable that the operator is responsible either in creating the hazard or permitting it to arise or to continue, it would be unjust to saddle the plaintiff with the burden of isolating the precise failure. The situation being peculiarly in the defendant's hands, it is fair to call upon the defendant to explain, if he wishes to avoid an inference by the trier of the facts that the fault probably was his.

On the record of the trial, the jury could have inferred defendant was negligent. The judgment must therefore be reversed and the matter remanded for a new trial.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.