**Catherine PANKO, Administratrix of the Estate of Margaret R. Barrett, Deceased and John Barrett, her husband, Appellants,**

**v.**

**FOOD FAIR STORES, INC.**

**No. 16790.**

United States Court of Appeals
Third Circuit.

Argued Sept. 17, 1968.

Decided Nov. 20, 1968.

Rehearing Denied Dec. 17, 1968.

Edwin E. Naythons, Freedman, Borowsky & Lorry, Philadelphia, Pa. (Benjamin Asbell, Asbell & Ambrose, Camden, N. J., on the brief), for appellants.

Michael Patrick King, Kisselman, Devine, Deighan & Montano, Camden, N. J. (Neil F. Deighan, Jr., Camden, N. J., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants are the plaintiffs in this diversity negligence case which a district court jury decided in favor of the defendant. Margaret R. Barrett, originally a plaintiff and now deceased, claimed that on August 10, 1965 she slipped and fell in defendant's super market, Margate, New Jersey. She testified that she was carrying a can of peaches when she fell and that the can struck her right breast. There was medical testimony this aggravated a pre-existent malignant condition and hastened her death which occurred on March 17, 1967, after the trial. There was also medical testimony that there was no connection between the fall and the malignancy.

■ Appellants primarily contend that the trial judge misconstrued the governing New Jersey law as set out in Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966). In Wollerman, the state trial judge dismissed the cause at the end of plaintiff's case. The New Jersey Supreme Court in reversing stated, p. 430, 221 A.2d p. 515 " * * * it would be unjust to saddle the plaintiff with the burden of isolating the precise failure. The situation being peculiarly in the defendant's hands, it is fair to call upon the defendant to explain, if he wishes to avoid an inference by the trier of the facts that the fault probably was his." The district court soundly construed Wollerman as eliminating the necessity of a plaintiff in the circumstances before us, affirmatively establishing the defendant's precise failure. The judge here did not dismiss plaintiff's cause of action after her evidence had been presented. In accordance with Wollerman and sound New Jersey substantive law, he called upon the defense to submit its proofs. This was done through the employee in charge of the particular department at the time plaintiff said she fell. He described at length the careful mechanics of keeping the floors dry and free from debris at all times, if possible. He explained that grapes were displayed in individual bunch trays which were completely overwrapped with a plastic film. He said this was characteristic of the other produce for sale, including lettuce and cabbage. He identified a diagram of the department and photographs thereof which were admitted into evidence. He went by the spot where plaintiff fell, prior to the fall. He was asked "Was there anything on the floor then when you went by?" He answered "No, sir,

not that I can recall." He said the floor in the particular area was cleaned whenever it was dirty which latter depended on how busy the store was.

As the judge correctly noted in his opinion denying plaintiff's motion for a new trial, "In our matter, the Defendant did come forward and present his proofs; so that I conclude that Wollerman is inapposite to the instant case."

The refusal to admit a photograph of Mrs. Barrett into evidence was within the sound discretion of the trial court. The question of plaintiff's contributory negligence, if any, was properly an issue to be passed upon by the jury. We find no error of any substance in the court's charge with respect to the care required by a business invitee in the situation before us. We find no error in said charge with respect to the professional conduct of the treating physician.

The judgment of the district court will be affirmed.