**SAFEWAY STORES, INC., a corporation, Appellant,**

v.

**Margaret MacG. MORGAN, Appellee.**

**No. 4547.**

District of Columbia Court of Appeals.

Argued March 3, 1969.

Decided May 14, 1969.

William Clague, Washington, D. C., with whom Francis C. O'Brien, Washington, D. C., appeared on the brief, for appellant.

Ewing Laporte, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

While appellee was shopping in appellant's self-service supermarket one afternoon she approached an employee to ask him a question. As she did so, she slipped on a single grape which was one of a number of large green grapes on the floor of an aisle in the store. On this appeal the only allegation of error is the denial of appellant's motions for directed verdict made both at the close of appellee's case and at the close of all the evidence, and the denial of its post-trial motion for judgment notwithstanding the verdict. The question is whether the facts permitted an inference of constructive notice.

Uncontradicted testimony established that appellee and a companion entered the store to do grocery shopping. Her companion went up the produce aisle while appellee first went up a second aisle and came back down the produce aisle in the opposite direction. There was a clerk working in the produce aisle on other produce with his back to appellee. She called to him to ask her question but he apparently did not hear her and he did not turn in her direction. It was as she approached the clerk that she slipped on the grape, managing to catch herself before she fell to the floor, but twisting her knee as she did so. Her companion, approaching from the other direction, saw the grapes immediately before appellee's fall and tried unsuccessfully to warn her. The employee to whom appellee wished to speak did not witness the fall.[1]

The produce aisle was approximately eight to ten feet wide and there were anywhere from twelve to forty large green grapes on the light gray or green floor. The grapes were scattered across the aisle "right in back of" the employee; "almost around him." The floor was otherwise clean. Other customers were in the same aisle at the time and there was one lady on the opposite side of the aisle "about where the grapes are kept." After the accident it was determined that the only grape that was squashed was the one on which appellee had slipped.

 We are mindful that each slip-and-fall case turns on its own peculiar facts. The negligence of a store proprietor in such a case is premised on an obligation of due care to protect customers from risks created by employees or risks created by other customers, but as to the latter only if the existence of a dangerous condition is known or should in the exercise of reasonable care have become known and corrected within a reasonable time. Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C 117, 406 F.2d 653 (1969). Where actual notice to the proprietor of an existing dangerous condition cannot be shown, it is incumbent upon the injured customer to establish a factual predicate sufficient to support a finding that the condition existed for such length of time that it should have become known and have been corrected.[2] To do so, facts must be presented from which a reasonable inference of constructive notice can be drawn. The facts which imply notice in this case are, in appellee's view, the quantity of grapes on the floor and the presence of the store employee at the scene.

 No evidence was introduced to show how the grapes came to be on the floor or how long they had been there prior to the fall. Nor was there any evidence that any employee of the store saw the grapes on the floor at any time prior to the fall. The employee working on other produce had not heard appellee call him and consequently did not turn in her direction before she fell. True, the grapes were in close proximity to this employee but that fact alone is insufficient to imply notice.[3] Moreover, the condition of the grapes gave no indication that they had been there for any length of time, the only one mashed being the one upon which appellee slipped, and no other fruit or vegetable debris was present on the floor. And while the quantity of grapes on the floor might lead one to believe that they should readily have been seen, it cannot afford a basis for the belief that the grapes had dropped to the floor more than seconds before appellee's fall. In this respect we find it significant that another customer was standing by the grape bin at the time, and note that if the grapes had been dropped on the floor while the employee was standing a short distance away, there would

---

1. This employee was in the Army at the time of trial and did not appear as a witness.

2. Brodsky v. Safeway Stores, Inc., 80 U.S.App.D.C. 301, 152 F.2d 677 (1945).

3. Mills v. Safeway Stores, Inc., D.C.App., 201 A.2d 20 (1964); Orum v. Safeway Stores, Inc., D.C.Mun.App., 138 A.2d 665 (1958).

have been no sound to alert him to that fact.[4]

In a nearly identical case, Napier v. Safeway Stores, Inc., D.C.App., 215 A.2d 479 (1965), a customer suffered injuries when she slipped on some grapes on the floor of a supermarket. The trial court directed a verdict against her for lack of proof of notice. This court affirmed, stating at p. 481:

> There is no evidence that any employee actually knew grapes were on the floor or that they had been permitted to remain there over such a period of time that failure to discover and remove them would amount to negligence. Appellant argues that an employee, neither identified nor produced, who was standing nearby, either saw or could have seen the grapes and should have either removed them or warned her. Such a vague imputation of knowledge to establish a foundation for creating a duty cannot be accepted as competent evidence thereof.

We discern no significant difference between *Napier* and this case, although the quantity of grapes on the floor appears to have been less. Appellee would have us rule that the proprietor of a grocery store has the burden of showing that in the exercise of reasonable care he could not have prevented the accident, citing Washington Market Co. v. Claggett, 19 App.D.C. 12 (1901).[5] We do not read the *Claggett* case to say that a customer suffering a fall in a self-service supermarket is relieved of the burden of proving notice, actual or constructive, under the circumstances that exist here, particularly in light of the long line of authorities which place that burden on the

customer.[6] And in our opinion, viewing the facts in the light most favorable to appellee and giving her the benefit of every legitimate inference which can reasonably be drawn from the evidence, appellee failed to meet that burden. We therefore hold that the motion for judgment notwithstanding the verdict should have been granted.

Reversed with instructions to enter judgment for appellant.

---

4. *Cf.* Kelly v. Great Atl. & Pac. Tea Co., 109 U.S.App.D.C. 181, 284 F.2d 610 (1960).

5. *See also* Panko v. Food Fair Stores, Inc., 403 F.2d 62 (3d Cir. 1968); Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966).

6. Seganish v. District of Columbia Safeway Stores, Inc., *supra;* Safeway Stores, Inc. v. Preston, 106 U.S.App.D.C. 114,

269 F.2d 781 (1959); Napier v. Safeway Stores, Inc., *supra;* Mills v. Safeway Stores, Inc., *supra* note 3; Orum v. Safeway Stores, Inc., *supra* note 3; Brodsky v. Safeway Stores, Inc., D.C.Mun.App., 41 A.2d 514 (1945), aff'd, 80 U.S.App. D.C. 301, 152 F.2d 677 (1945). *But cf.* Zimmerman v. Safeway Stores, Inc., —— U.S.App.D.C. ——, 410 F.2d 1041 (decided March 20, 1969).