**Sarah M. HINES, Appellant,**

v.

**SAFEWAY STORES, INC. Appellee.**

**No. 12092.**

District of Columbia Court of Appeals.

Submitted Sept. 27, 1977.

Decided Jan. 10, 1978.

Brian C. Shevlin, Washington, D. C., was on the brief for appellant.

Richard W. Boone, Washington, D. C., was on the brief for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Appellant appeals the entry of judgment n. o. v. after a verdict returned in her favor for $26,300. She also appeals the alternative order of the trial court granting appellee a new trial unless appellant elects remittitur of $11,300. We reverse.

Appellant sought damages for injuries sustained when she slipped and fell in a two-foot pool of liquid near the check-out line in appellee's supermarket. The evidence, taken in the light most favorable to appellant,[1] tended to show that the liquid had been on the floor for at least twenty

---

1. *Howard v. Safeway Stores, Inc.*, D.C.App., 263 A.2d 656, 657 (1970).

minutes[2] and that it was approximately three feet from the check-out line and eight feet from where an assistant manager was standing at the time of the fall.

Appellant sought to prove that she was injured in the fall through her own testimony and that of a medical doctor, a general practitioner, who first examined her about four months after her fall. He testified that he examined appellant after taking her history and examining reports of X-rays taken by another physician, and that he was of the opinion that appellant was suffering the symptoms of a degenerative osteoarthritic condition that pre-existed the fall but which had been asymptomatic until the fall. He opined that the then-present symptoms of back pain, headaches, and pain associated with lifting and bending were caused by the interaction of a lumbrosacral sprain, caused by the fall, upon this condition and that this sprain and the resulting symptoms would be permanent. He further testified that, as a result of these symptoms, appellant would be unable to engage in any prolonged employment. Another medical expert testified on behalf of appellee that appellant's symptoms were not caused by the fall but by the pre-existing condition, aggravated by her obesity, nine pregnancies, and age.

In addition to this evidence of injury, pain and suffering, appellant introduced evidence that she had incurred approximately $1,300 in medical bills and that, as a result of her symptoms, she had been unable to retain her employment. Appellant testified that she had applied for employment before the fall, had commenced working two months after the fall, and had worked for eleven months before her symptoms caused her to resign.

■ The trial court, in entering judgment for appellee n. o. v., held that appellant had not borne her burden of proving that appellee was negligent.[3] Appellant's theory of the case was that the pool of liquid had existed for a sufficiently long period of time to warrant a jury finding that the appellee was on constructive notice of its existence. *Seganish v. District of Columbia Safeway Stores, Inc.*, 132 U.S. App.D.C. 117, 121, 406 F.2d 653, 657 (1968). Appellee cites *Smith v. Safeway Stores, Inc.*, D.C.App., 298 A.2d 214 (1972), and *Napier v. Safeway Stores, Inc.*, D.C.App., 215 A.2d 479 (1965), in support of its argument that evidence of the existence of a pool of liquid on the floor of a supermarket for twenty minutes is, as a matter of law, insufficient for jury decision on the issue of constructive notice. Neither case, however, is dispositive of this issue. In neither case was there evidence of how long the slippery material had been on the floor. Rather, the only evidence in each case tended to show how long the material could have been there—that the floor had not been swept for four hours (*Smith*) or for thirty minutes (*Napier*). These cases correctly state the law: that proof of the period of time during which a condition might have existed does not permit an inference that the condition did exist during that entire period or any substantial part of it. In the instant case, there was direct proof that the condition did exist for at least twenty minutes.

Appellee, however, refers us to *Kelly v. Great Atlantic & Pacific Tea Co.*, 109 U.S. App.D.C. 181, 284 F.2d 610 (1960), in which the court held that the existence of slippery matter on the floor ten feet away from a store clerk for at least five minutes was insufficient evidence of constructive notice. We do not argue with the holding of that case. But we view that case as an exception to the rule, noted in Judge (now Chief Justice) Burger's dissent, that such issues are peculiarly within the province of juries. *Id.* at 182, 284 F.2d at 611. Constructive notice is but a shorthand way of saying that shopkeepers are under a duty to police their premises with enough frequency to prevent the existence of dangerous conditions for unreasonably prolonged periods. Courts of

**2.** Appellant's witness, another customer in the store, testified that when she entered the store twenty minutes before appellant's fall the pool of liquid was on the floor and appeared to have been tracked through by a number of customers and shopping carts.

**3.** The trial judge's memorandum opinion stated that evidence that other customers had safely walked through the pool of liquid was conclusive proof that the existence of the pool was not a dangerous condition. Although we need not consider this ground for the entry of judgment n. o. v. since it is not argued on appeal, we note with approval the opinion that "evidence that no prior accident has occurred no more raises a conclusive presumption of due care, than evidence of a prior accident conclusively establishes negligence." *Hilleary v. Earle Restaurant, Inc.*, 109 F.Supp. 829, 836 (D.D.C.1952) (prior safe navigation through allegedly dangerous doorway by 1200 people).

appeal will, and trial courts should, allow a jury finding of unreasonableness to stand unless no reasonable jury could so find. Although we recognize that "[a] grocer is not an insurer of the condition of his store", *Seganish v. District of Columbia Safeway Stores, Inc., supra,* 132 U.S.App.D.C. at 119, 406 F.2d at 655 (footnote omitted), we cannot agree with the trial court that, as in *Kelly,* this is a case to be taken from the jury.[4]

■ Appellee next argues, although the trial court did not hold, that the judgment n. o. v. was warranted on the theory of appellant's contributory negligence. Appellee asserts that, had appellant "[paid] attention to where she was walking," the accident would not have occurred. Were we to accept this contention, as a matter of law, then the duty imposed upon shopkeepers would be all but meaningless. Neither *Smith v. Safeway Stores, Inc.,* D.C.App., 206 A.2d 264 (1965), nor *Brown v. Alabama Foods, Inc.,* D.C.App., 190 A.2d 257 (1963), is apposite. In both cases the defendant stores were held not negligent for the maintenance of ordinary grocery store structures into which the plaintiffs walked. Additional holdings that the plaintiffs were contributorily negligent were, therefore, unnecessary. We have no doubt that this issue was properly committed to jury resolution. We therefore reverse the judgment n. o. v.

■ The trial court further ruled that, should its judgment not be upheld, the appellee should have a new trial unless appellant agreed to remit $11,300 of the verdict. Appellee submits that this alternative order is not reviewable on appeal, but, if reviewable, is proper. Appellee's first contention is without merit. While an order granting a new trial is not appealable until judgment

is entered after the new trial, *Taylor v. Washington Terminal Co.,* 133 U.S.App.D.C. 110, 409 F.2d 145 (1969), it is well established that an alternative new trial order entered in compliance with Super.Ct.Civ.R. 50(c)(1) is reviewable. *Aqui v. Isaac,* D.C. App., 342 A.2d 370 (1975); *Reading v. Faucon,* D.C.Mun.App., 134 A.2d 376 (1957); *Cox v. Pennsylvania R.R. Co.,* D.C.Mun. App., 120 A.2d 214 (1956); Wright and Miller, Federal Practice and Procedure § 2818 at n. 42 (1973). And a new trial order under that rule is not rendered unreviewable simply because the appellant had the option to accept remittitur. *See Taylor v. Washington Terminal Co., supra.*

■ Because the views of the trial judge are, like those of a jury, entitled to considerable deference, "we will reverse the grant of a new trial for excessive verdict only where the quantum of damages found by the jury was *clearly* within 'the maximum limit of a reasonable range.'" *Id.* at 114, 409 F.2d at 149 (emphasis in original). In reviewing such a grant, we do not defer to the trial judge's views on the weight of all the evidence, as is the case where the new trial order is not conditioned upon remittitur. *See Aqui v. Isaac, supra.* The trial judge's order conditioned on remittitur necessarily implies that the weight of the evidence supported some verdict for appellant—that, in other words, appellee was liable for appellant's injury; otherwise, it would have been improper for the trial court to deny appellee a new trial upon appellant's acceptance of remittitur.[5] And where, as here, the verdict was unapportioned, it must be presumed that the weight of the evidence supported each of the elements of damage claimed. *See Taylor v. Washington Terminal Co., supra* at 114 n. 16, 409 F.2d at 149 n. 16. The elements of

---

4. While the disposition of every case must rest upon the individual circumstances, we are confirmed in our conclusion here by the opinions of other courts in which the following time periods, during which foreign matter was on the floor, were held to present a jury question of constructive notice: 25 minutes, *Louie v. Hagstrom's Food Stores, Inc.,* 81 Cal.App.2d 601, 184 P.2d 708 (1947); three to five minutes, *Denny v. Goldblatt Bros., Inc.,* 298 Ill.App. 325, 18 N.E.2d 555 (1939); 30 minutes, *Hay v. Sears Roebuck & Co.,* 224 So.2d 496 (La.Ct.App. 1969); 45 minutes, *Fisher v. Sears Roebuck & Co.,* 196 So.2d 563 (La.Ct.App.1967); 15 minutes, *Schon v. National Tea Co.,* 28 Ohio App.2d 49, 274 N.E.2d 578 (1971); and 15 min-

utes, *Steinhorst v. H. C. Prange Co.,* 48 Wis.2d 679, 180 N.W.2d 525 (1970).

5. Safeway Stores has not cross-appealed this denial. The trial court's entry of judgment n. o. v. indicates only that the trial court believed that the facts proved were not a sufficient basis for appellee's liability, not that the court believed the facts to be unproved. Had the trial court believed that the weight of the evidence did not support the liability-producing facts, then the proper alternative order under Super. Ct.Civ.R. 50(c)(1) would have been for a new trial, not for a new trial conditioned upon remittitur.

damage in this case were appellant's medical and associated expenses, her permanent loss of employment, and her pain and suffering. We are persuaded that an award of $26,300 is clearly within the range of reasonable verdicts which might be awarded for these injuries, and hold that the trial court erred in requiring appellant to elect between reduction of this amount and a new trial.

The judgment is reversed and the cause remanded for entry of judgment upon the jury verdict.

*So ordered.*