Stefan MARINOPOLISKI, Appellant,

v.

Leon IRISH, et al., Appellees.

No. 81–17.

District of Columbia Court of Appeals.

Argued Nov. 24, 1981.

Decided April 28, 1982.

H. Alan Young, Washington, D. C., with whom Deena P. Rabinowicz, Washington, D. C., was on brief, for appellant.

R. G. Guziak, Washington, D. C., for appellees.

Before KERN, FERREN and PRYOR, Associate Judges.

KERN, Associate Judge:

This is an appeal from a directed verdict by the trial court for appellees in an action against them to recover damages for injuries incurred by appellant in falling on their property. Finding that there was a proper basis for a directed verdict, we affirm the trial court.

Appellant, Stefan Marinopoliski, a home improvement contractor who was remodeling the house of appellees Leon and Carolyn Irish, visited appellee's home the day after a snowfall of approximately five inches, which had closed Washington area schools and offices. Following his workman and carrying a tool box, appellant approached the basement entrance by way of a walkway area near the side of the house. As he descended a slope, he fell suddenly and sustained severe leg injuries.

At trial, appellant testified that the surface on which he was walking when he fell was covered with powder-like snow. He was wearing work shoes with rubber soles and was stepping carefully. He had used this pathway previously, but also had used the main entrance to the house. After he fell, his workman told him that he had slipped on a piece of plywood lying under the snow. Appellant testified that he had seen this plywood earlier on top of an air

conditioner approximately five or six feet from the spot where he fell and that he saw a piece of plywood in the area some days *after* the accident when he returned to the scene for the purpose of taking photos.

At the conclusion of appellant's testimony the trial court denied the appellees' motion for a directed verdict.[1] Appellees then testified that they knew nothing about the facts surrounding the accident, since they had not witnessed appellant's fall, and that they were unaware of any plywood in the area of the fall. The trial court granted appellees' renewed motion for a directed verdict at the conclusion of this evidence. At that time, the court stated the following:

> [T]he burden is upon the plaintiff to prove by a preponderance of the evidence that the defendants were negligent and that such negligence was the proximate cause of the injury to the plaintiff. Using those standards, the defendants' motion for a directed verdict is granted. [Record of Nov. 25, 1980, at 79.]

■ Initially, appellant contends that the trial court applied an erroneous standard in granting the motion for directed verdict. It appears from the court's statement quoted above that the court in directing a verdict for appellees may have improperly applied a preponderance of the evidence test rather than a test based on absence of any evidence from which a reasonable juror might find negligence, the test which the trial court applied when it denied appellees' earlier motion. It is not necessary for us in deciding this appeal to determine what standard was applied, however, because we find that the proper result was reached. A lower court decision must be affirmed if the result is correct despite the fact that the court "relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran,* 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224 (1937), *quoted in Silverstone v. District of Columbia,* D.C.App., 372 A.2d 1286, 1287 (1977).

■ The directed verdict was proper in our view because there was insufficient evidence that appellees had *notice* of any condition causing appellant's fall so as to require submission of the case to the jury. To create a jury question in a negligence case, the plaintiff must produce evidence from which a reasonable juror may conclude that a certain hazard caused the injury *and* that the defendant had actual or constructive notice of that hazard. *See, e.g., Howard v. Safeway Stores, Inc.,* D.C. App., 263 A.2d 656 (1970); *Seganish v. District of Columbia Safeway Stores, Inc.,* 132 U.S.App.D.C. 117, 406 F.2d 653 (1968).

Assuming here that appellant produced sufficient evidence from which a reasonable juror could conclude that the plywood board caused the fall, we cannot find sufficient evidence in the record that appellees knew or should have known either that the plywood lay on the path or that it might fall onto the path. Both appellees testified that they were unaware of the existence of the plywood and had never noticed its presence on their property. The only evidence presented at trial relating to notice of a hazard was appellant's own ambiguous testimony that either on the day of the accident before his fall, or on unspecified earlier occasions, he had seen the plywood on appellees' air conditioner five or six feet away from the path where he fell.[2]

1. The record reflects that the court applied the following standard:
    > In order to [direct a verdict in favor of the defendants], the court, after viewing all the evidence and the inferences that reasonably may be drawn from it, must conclude that no reasonable juror under any version of the evidence could find in favor of the plaintiff. [Record of Nov. 25, 1980, at 23.]

2. The relevant testimony of appellant concerning his knowledge of the plywood's existence previous to his fall is as follows:
    > Q. Ha[d] you seen that same plywood before [your fall]?
    > A. Yes, I did.
    > Q. Where was it?
    > A. *On the air conditioning.*
    > Q. And [where] was that air conditioner located?
    > A. About five, six feet on the right hand side next to the house.
    > Q. And—
    > THE COURT: Excuse me, five or six feet from where you fell?
    > THE WITNESS: Yes, where they had me.

 In order to support a finding of constructive notice of a hazard, the cause of the injury must be foreseeable (here, that a piece of plywood on an air conditioner five or six feet away would come onto the path), *see Munson v. Otis*, D.C.App., 396 A.2d 994, 996 (1979), and the cause must have been present in the area where the injury occurred for a sufficient length of time that the property owner should have known about it. *See Howard v. Safeway Stores, Inc., supra; Napier v. Safeway Stores, Inc.*, D.C.App., 215 A.2d 479 (1966); *Orum v. Safeway Stores, Inc.*, D.C.Mun.App., 138 A.2d 665 (1958). Here, even if we assume, solely on the basis of appellant's ambiguous testimony, that there was some basis for a jury reasonably to infer that the plywood had been on the air conditioner for a number of days (and, accordingly, that appellees should have known about it), there is no basis on this record for a jury reasonably to conclude that the plywood was positioned on the air conditioner in a way that it foreseeably would end up on the pathway, creating a hazard to someone walking there. *See Jones v. Safeway Stores*, D.C. App., 314 A.2d 459, 460 (1974) (plaintiff must show that items were stacked negligently to support a finding that the store was liable when objects fell and struck plaintiff) (alternative holding). Granted that injuries are less likely to be caused on private property by third persons than in grocery stores where shoppers are regularly present, there is no basis on this record for a jury reasonably to conclude that appellees could have foreseen that a piece of plywood, presumably placed with care on an air conditioner five or six feet away from the pathway, would have ended up on that stairway.

Although we recognize that an issue such as constructive notice is peculiarly within the province of the jury, *see Hines v. Safeway Stores, Inc.*, D.C.App., 379 A.2d 1174, 1175 (1978), juries cannot be permitted to engage in idle speculation. *Jones v. Safeway Stores, Inc.*, D.C.App., 314 A.2d 459 (1974); *Seganish v. District of Columbia Safeway Stores, Inc., supra.* Submission of this evidence to a jury would allow the jury to cross the line between legitimate deduction and mere conjecture. *See Kincheloe v. Safeway Stores, Inc.*, D.C.App., 285 A.2d 699, 701 (1972).

Accordingly, because the jury on this record could not have reasonably drawn an inference of negligence on the part of appellees, we find the directed verdict proper.

*Affirmed.*

THE COURT: I see.
BY MR. KAVROKOV:
Q. Now, did you see this plywood the last time before the accident that you visited the premises? That you visited the house?
A. You mean after—
Q. No, before? Before you fell did you see this plywood—well, let me restate it. Prior to January 13th, when was the last time prior to January 13th you have seen that plywood on the air conditioning?
A. I didn't pay such attention. I saw that day for a while, but I didn't pay attention every day where the plywood is. I was concentrating on other.
[Record at 24–25.]