**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4172-15T1

PATRICIA K. RIEGER and
ERIC RIEGER,

    Plaintiffs-Appellants,

v.

ANN, INC. d/b/a LOFT,

    Defendant-Respondent.

_____

        Argued September 25, 2017 — Decided October 12, 2017

        Before Judges Sabatino and Rose.

        On appeal from Superior Court of New Jersey,
        Law Division, Gloucester County, Docket No.
        L-0557-14.

        Devesh Taskar argued the cause for appellants
        (Law Offices of Robert I. Segal, attorneys;
        Maria Detitto, on the brief).

        Jaunice M. Canning argued the cause for
        respondent (Law Offices of William E. Staehle,
        attorneys; Ms. Canning, on the brief).

PER CURIAM

Plaintiff Patricia K. Reiger[1] appeals from the trial court's order granting summary judgment to defendant Ann, Inc. d/b/a Loft in this negligence action. We affirm.

I.

We recite the key facts from the summary judgment record. In so doing, we view all facts in a light most favorable to plaintiff. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014).

On May 15, 2013, plaintiff was shopping at defendant's retail store in Marlton. While trying on a scarf in the common dressing area of the store, and backing away from a mirror, plaintiff tripped and fell over a platform behind her that caused a mannequin displayed on the platform to strike plaintiff, injuring her shoulder and elbow.

The store's manager, Marisa Fiorentino, testified at her deposition that the platform was rectangular, approximately five inches high, and large enough to hold two mannequins. Fiorentino drew a diagram depicting the platform and location of the fully-dressed mannequins, each of which was taller than five feet, five inches. A clothing bar was located on each side of the platform display, creating a "store set" from which Fiorentino hung

---

[1] Since Eric Reiger is a co-plaintiff in this case only because of his per quod claim deriving from his spouse's injury, references to "plaintiff" pertain solely to Patricia K. Reiger.

merchandise that was not readily selling in the store area. A three-way mirror was located just across from the platform display. Shelves containing scarves were located on each side of the mirror. Private dressing rooms were located on the left and right sides within the common dressing area.

Plaintiff testified at her deposition that she did not notice the platform display when she entered the dressing area. At some point thereafter,[2] plaintiff tried on a scarf, viewed herself in the three-way mirror, but did not see the platform display behind her in the mirror. While observing her image in the mirror, plaintiff took a step back for a better view. One of her heels hit the platform, causing one of the mannequins to fall on her. There were no eyewitnesses.

Defendant retained John S. Posusney, P.E., an engineering expert who conducted a site inspection. Defendant served plaintiff with Posusney's report in which he opined "[plaintiff's] incident was caused by her failure to maintain a proper lookout in the direction that she was moving before she fell." Posusney found the aisle accessway between the mirror and the platform exceeded the requirements of the applicable building code, and plaintiff's incident was not caused by a defective condition. Plaintiff

---

[2] Plaintiff was not asked how long she was in the dressing area prior to her fall.

A-4172-15T1

retained an engineering expert who conducted a site inspection. For reasons not disclosed to the court, plaintiff did not produce in discovery a report by her expert.

The motion judge granted summary judgment to defendant, concluding plaintiff failed to demonstrate defendant's placement of the platform display in the dressing area breached a standard of care that created a dangerous condition. Specifically, the judge's decision was based on plaintiff's failure to establish, through expert engineering testimony, that there was insufficient space between the platform display and the mirror, or through a "human factors" witness that defendant's positioning of the platform display created a "trap" such that plaintiff's focus was on her image in the mirror, and that she would be inclined to back up and trip over the platform.

Plaintiff now appeals. She contends the court erred in its decision because she does not claim defendant violated a building or other code. Rather, plaintiff contends the platform display constituted a dangerous condition, and a liability expert is not necessary for a jury to decide whether defendant breached a duty of care, or that her injuries were a foreseeable result of defendant's conduct. In this regard, plaintiff emphasizes Fiorentino's acknowledgment that customers often step back while viewing themselves in the three-way mirror.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In determining whether a summary judgment motion was properly granted, we review the evidence, drawing "all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (citing R. 4:46-2(c)). If no genuine issue of material fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). Applying these standards, we discern no reason to reverse the grant of summary judgment.

The elements of a negligence cause of action are well-settled. "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend, supra, 221 N.J. at 51 (quoting Polzo v. Cnty of Essex, 196 N.J.

569, 584 (2008)).  However, "[n]egligence is a fact which must be shown and which will not be presumed."  Long v. Landy, 35 N.J. 44, 54 (1961).  "[T]he mere showing of an accident causing the injuries sued upon is not alone sufficient to authorize an inference of negligence."  Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139-40 (1951).

Here, the court granted defendant's summary judgment motion primarily because plaintiff did not present sufficient evidence to sustain her burden of proving defendant breached a duty of care.  We therefore focus on that element of plaintiff's negligence claim.

"It is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm."  Stelluti v. Casapenn Enters., LLC, 203 N.J. 286, 306 (2010).  A proprietor's duty of due care to a business invitee includes an affirmative duty to inspect the premises and "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe."  Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). "[T]he business entity will not be held liable for injuries sustained 'so long as [the business] has acted in accordance with

the ordinary duty owed to business invitees, including exercise of care commensurate with the nature of the risk, foreseeability of injury, and fairness in the circumstances.'" Stelluti, supra, 203 N.J. at 307 (quoting Hojnowski v. Vans Skate Park, 187 N.J. 323, 340-41 (2006)) (alteration in original).

In many instances, a "plaintiff is not required to establish the applicable standard of care" in a negligence case. Davis, supra, 219 N.J. at 406 (2014). The plaintiff ordinarily need only "show what the defendant did and what the circumstances were," and the jury is competent to supply the applicable standard of care by "determin[ing] what precautions a reasonably prudent [person] in the position of the defendant would have taken." Sanzari v. Rosenfeld, 34 N.J. 128, 134 (1961); see also Davis, supra, 219 N.J. at 406-07. In such non-technical cases, "a layperson's common knowledge" permits the "jury to find that the duty of care has been breached without the aid of an expert's opinion." Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996); see also Davis, supra, 219 N.J. at 407.

Where, however, a jury lacks the competence to supply the applicable standard of care, the plaintiff must establish "the requisite standard" and the defendant's deviation from it by "present[ing] reliable expert testimony on the subject." Davis, supra, 219 N.J. at 407 (quoting Giantonnio, supra, 291 N.J. Super.

at 42). In determining whether expert testimony is required, "a court properly considers 'whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable.'" Ibid. (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982) (alteration in original)).

On defendant's motion for summary judgment here, the court correctly applied these principles and determined plaintiff had not produced an expert to explain that defendant violated a standard of care in its placement of the platform display in proximity to the three-way mirror. We agree. Here, it is undisputed that defendant's placement of the platform display did not violate any building code. Indeed, defendant's expert opined the accessway where plaintiff fell exceeded the municipal code requirements.

We also find unpersuasive plaintiff's contention that, in this particular setting, the jury is competent, without expert testimony, to supply the applicable standard of care based solely on the testimony in the record. Although Fiorentino testified that customers generally back up when viewing themselves in a three-way mirror, we concur with the trial judge that expert testimony is necessary to establish that placement of the platform display violated pertinent standards of care to create a tripping

hazard. The platform display was not camouflaged nor protruding into the accessway. Rather, the fully-dressed, life-sized mannequins were part of a store set, from which customers could obtain merchandise, in an open area of the common dressing area. Although plaintiff's act of falling, itself, was not "esoteric," the customs and standards for retail store displays and safe clearance conditions are not part of jurors' common knowledge. Compare Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (expert not required to establish dangerous condition of camouflaged step); Campbell v. Hastings, 348 N.J. Super. 264, 270-71 (App. Div. 2002) (expert not required to establish danger of unlit sunken foyer); Berger v. Shapiro, 30 N.J. 89, 101-02 (1959) (expert not required to explain dangerous condition caused by missing brick in top step of porch).

Even affording plaintiff, as we must, all reasonable inferences from the factual record, there is an insufficient evidential basis here to conclude that defendant acted unreasonably in its placement of the platform, without the aid of expert testimony, to establish that an accepted standard of care was violated.

Having determined that defendant did not owe plaintiff a duty of care, we need not reach plaintiff's argument that defendant is liable pursuant to a distracted invitee theory. Model Jury Charge

9                                                A-4172-15T1

(Civil), 5.20F(12)(c), "Duty Owed - Condition of Premises, Distraction or Forgetfulness of Invitee" (2017). We agree with the trial court that the distraction of invitee jury charge is available only if the jury first determines "defendant was negligent in permitting the condition to exist." Id. As we have explained above, however, in the absence of expert testimony articulating a standard of care, the jury cannot make that determination here.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Nor are we persuaded that defendant was liable under the mode-of-operation doctrine inasmuch as notice is not at issue in this case, Wollerman v. Grand Union Stores, 47 N.J. 426, 429-30 (1966), and plaintiff took the scarf from one of the shelving bins next to the three-way mirror, not off of the mannequin that fell on her, Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 260 (2015). There is an insufficient nexus between plaintiff's self-service removal of the scarf from the bin and her subsequent act of bumping into the platform display. See Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 248 (App. Div. 2013) (regarding lack of the required nexus).