Postee, J.
The question presented here is the legal sufficiency of a complaint brought by the appellant insurer, as subrogee of its insured’s rights, against the respondent insurer who with knowledge of appellant’s rights settled a claim with the appellant’s insured but failed to include the name of appellant on the draft upon the settlement. Since the sole question to be determined is whether from all of the facts alleged the complaint states any valid cause of action, the complaint is deemed to allege ‘ ‘ whatever can be implied from its statements by fair and reasonable intendment.” (Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414; Kain v. Larkin, 141 N. Y. 144, 150-151.)
Appellant insurer (Underwriters at Lloyd’s, London) brought this action against three defendants: (1) appellant’s insured, *337 defendant Richards Freight Lines, Inc. (Richards); (2) the conditional vendor of Richards, defendant Grindy Manufacturing Co. (Grindy); and (3) defendant-respondent Jersey Insurance Company of New York (Jersey). The complaint alleges that appellant, prior to October 22,1958, had issued a policy of insurance to Richards, insuring various tractors and trailers owned by Richards against the risk of collision. The defendant Grindy had an interest in these tractors and trailers only for the reason that it was a conditional vendor.
On or about October 22,1958 a collision occurred in which one of the vehicles owned by Richards was damaged in an accident with a vehicle owned and operated by one Witkowski. The latter at the time of the collision was insured against liability by the respondent Jersey Insurance Company. Thereafter on or about April 30, 1959 the appellant, pursuant to the terms of its own policy issued to Richards, paid the sum of $4,433.25 for the damages incurred. As a result of this payment and under the terms of its policy, Lloyd’s was subrogated to all of the rights of Richards arising from the accident.
A claim was presented in behalf of defendants Richards and Grindy to the respondent Jersey, which then employed an adjustment agency to act as adjusters in connection with the claim against its insured, Witkowski. The agency consummated a settlement with Richards and Grindy for $3,270.50, covering in part the damage to the Richards trailer involved in the collision with Witkowski. The complaint specifically alleges that the adjustment agency and Jersey were apprised of appellant’s interest, and a letter indicating such knowledge is annexed to the complaint. The respondent Jersey even asked for the approval of the appellant’s agent to the terms of the settlement. The respondent, thereafter, with full knowledge of appellant’s interest under its subrogated rights, paid the defendants, Richards and Grindy, the sum of $3,270.50 in settlement of the claim against Witkowski.
Of the three defendants, Jersey alone moved at Special Term for an order dismissing the complaint against it pursuant to rule 106 of the Rules of Civil Practice. The Special Term denied the motion, and the Appellate Division, by a divided court, reversed the order and dismissed the complaint as to Jersey, without prejudice. In a memorandum the Appellate Division *338 stated: ‘1 Under the allegations of this complaint, whatever rights plaintiff acquired against Witkowski by subrogation are the maximum measure of its rights against his insurer. Had Witkowski, with knowledge of plaintiff’s rights, paid Richards and Gindy for a release, he would still remain answerable to plaintiff in an appropriate negligence action. The complaint contains no allegation of negligence. If in some manner the settlement frustrated or would frustrate plaintiff’s prosecution of such an action, that, too, is not alleged.”
We think this reasoning, however appropriate it may be to an ordinary subrogation action, is erroneous as applied to the peculiar facts of this case. Something more than the simple doctrine of subrogation may be inferred from the facts pleaded. The allegations of the complaint, by fair and reasonable intendment, are susceptible to the interpretation that appellant became a party to the claim presented in behalf of Richards and Gindy to Jersey, and remained a party throughout the negotiations for a settlement, and hence had a contractual interest in the matter. Indeed this conclusion is supported by the offer of settlement contained in the letter from the agents of Jersey to the agents of appellant Lloyd’s, a copy of which is attached to the complaint. Despite this, Jersey paid the amount offered directly to Richards and Gindy, thus ignoring the right of appellant to the proceeds. The only justification for this conduct would be to assume that Richards and Gindy were acting as agents for appellant. On the pleading alone, this assumption is not justified.
It is quite true that in an ordinary subrogation case the subrogee may not sue an insurer directly. He must first obtain a judgment against the negligent party, and then if the same is not paid he may then sue the insurer (Insurance Law, § 167). But, as stated before, the facts alleged in this complaint put the case in a different posture, for the solution of which it is not necessary to disturb the doctrine of subrogation as the same is usually understood and applied. If it is established on a trial that appellant was actually a party to the subrogation negotiations, then it may also be found that its right to the negotiated fund could not be ignored equitably or legally by Jersey, and the latter is liable to appellant on a contractual basis even though it may have parted with the fund by an improvident payment to *339 Richards and Gindy. Under such circumstance appellant was not required to sue Witkowski for negligence, or look alone for reimbursement from Richards and Gindy.
The judgment of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.
Chief Judge Desmond and Judges Dye, Fuld, Van. Voobhis, Bubke and Scileppi concur.
Judgment reversed, etc.