Plaintiff was injured from falling in the foyer of the Capitol Theatre building in the City of Shreveport, Louisiana, after having viewed, as a paid patron, a picture therein, the evening of September 15, 1941. She sues the owner and operator of the theatre, the Paramount-Richards Theatres, Inc., hereinafter referred to as the defendant, and its insurer, American Mutual Liability Insurance Company, to recover damages sustained by her from and as a result of the accident. She predicates her suit upon certain alleged acts of negligence of the defendant, its agents and employees, to-wit:
That the floor level of the foyer from the street to the lobby entrance adjacent to the theatre proper was dangerous and hazardous for patrons emerging from the darkness of the interior of the building after viewing a picture, in that it declined from the lobby to the sidewalk; and that the surface of the foyer "had been just recently mopped with soapy water or some other slick and slippery substance, and immediately upon stepping upon the foyer floor from the ante-room and without any notice, or warning, whatsoever from any one, and particularly from the agents, officers and employees of the said Paramount-Richards Theatres, Inc., at Capitol Theatre Building, and petitioner slipped and fell both because of the incline and decline on the foyer floor of said building, and also on account and because of the slick and slippery condition of said floor, which condition petitioner was not aware of and could not with ordinary observation have been aware of such condition * * *."
Defendants filed joint answer. They denied the acts of negligence alleged upon and plaintiff's right to recover to any extent. In the alternative, contributory negligence on her part is pleaded in bar of her suit.
Plaintiff appealed from judgment rejecting her demand and dismissing her suit.
The floor of the foyer herein involved is made of tile. It has a fall of six and one-half inches from the lobby doors to the sidewalk or one-third inch to the foot. It is shown that the floor's construction meets approved architectural requirements. It is considered safe for an entrance to a theatre of this character. The surface of the floor is smooth but not slick and is of the kind to be found in lobbies and entrances of public buildings generally. There are obvious reasons for the floor's acclivity from the sidewalk, one of which is that danger of overflow of the interior of the building from unusually heavy rainfall is materially reduced.
The testimony establishes beyond the peradventure of a doubt that the floor of the foyer had not been washed or mopped with soapy water or any other slippery substance for several hours prior to the accident, but on the contrary, its surface at the time was dry. Plaintiff did not testify that the floor was slick or slippery. Her gentlemen escort says that he saw nothing unusual or wrong with the floor at the time and place of plaintiff's fall.
It is also shown without contradiction, that this floor was never mopped nor scrubbed with water or other liquid during the hours a picture was being projected therein; that is, between the hours of 10 a.m. and 11 p.m.
Plaintiff was fifty years of age, weighing one hundred eighty-six pounds, and was wearing high heel shoes when she fell. It seems clear to us that, as so often happens, one of her ankles turned causing her to lose balance and the fall followed. No fault on defendant's part in the remotest degree caused or contributed to the accident. To hold otherwise would be equivalent to saying that defendant, as operator of the picture show, was the insurer of the safety of its patrons. The law is definitely settled to the contrary.
For the reasons herein assigned, the judgment appealed from is affirmed with costs. *Page 650