341 So.2d 101 (1976)
MILLERS OF JACKSON, MEADOWBROOK ROAD, INC.
v.
Ralph L. NEWELL.
No. 49018.
Supreme Court of Mississippi.
December 7, 1976.
Rehearing Denied January 26, 1977.
Watkins & Eager, Hassell H. Whitworth, Thomas M. Murphree, Jackson, for appellant.
Chill, Chill & Dove, Luke Dove, Jackson, Richard E. Stratton, III, Brookhaven, for appellee.
*102 Before INZER, ROBERTSON and WALKER, JJ.
WALKER, Justice, for the Court:
On March 2, 1973, Ralph L. Newell slipped and fell on a toy Volkswagen somehow present in an aisle at Millers Department Store in Jackson. He sued for damages in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and obtained a jury verdict in the amount of $50,000. On appeal, Millers cites several errors. We have concluded that the evidence presented does not support a finding of negligence on the part of Millers.
Daryl Bridges, Millers' clerk assigned to the toy department, testified that at the time of the accident he was helping a fellow employee put up merchandise in the hardware department. Within a half hour before Mr. Newell's accident, Bridges had seen a small child playing in the toy department, but the child was located several aisles over from where the toy Volkswagens were kept. After seeing the child, Bridges went over to the toy department to straighten up and then returned to hardware.
Mr. Charles B. Parker, the store's security manager, testified that he had returned from lunch at about a quarter until one to begin his rounds of the store. One of his duties, in addition to guarding against shoplifters, was to search for safety hazards. During his rounds after lunch, Mr. Parker found nothing on the aisles in the toy department. It was only half an hour later when Bridges and Newell came to his office to report the accident.
Newell testified that he entered the store at approximately 1:00 or 1:30 to purchase a checker set and an air filter. He asked a clerk for help in finding a checker set but was told that none was available. On his way to find the air filter, Newell stepped on the toy Volkswagen and fell, injuring himself.
There are several circumstances in which a store owner may be held liable to an invitee in such a case. Where the dangerous condition on the floor is traceable to the proprietor's own negligence, no knowledge of its existence need be shown. Mississippi Winn-Dixie Super Markets, Inc. v. Hughes, 247 Miss. 575, 584, 156 So.2d 734, 736 (1963). In this case, absolutely no evidence was presented from which the jury could infer that some agent of Millers had caused the toy to be present on the floor. Where the presence of the condition is due to the act of a third party, it must be shown that the defendant had actual or constructive notice of its existence. Id. at 584, 156 So.2d at 736. Since Parker had inspected the toy department only half an hour before Newell's accident, the jury could not conclude that the toy had been in the aisle long enough for the defendant to have had constructive notice of its presence. The circumstances are similar to those presented in Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916 (Miss. 1966), in which this Court reversed a judgment granted to a plaintiff who had slipped and fallen on a gumball. This Court held that constructive notice could not be inferred because the floor had been cleaned that morning, the store's employees had been instructed to search for safety hazards, and two employees had walked through the area within an hour before the accident without seeing a gumball on the floor. Id. at 918. All these factors are demonstrated by the evidence in this case, and we conclude that no constructive notice was shown.
Indeed, Newell, in his brief, scarcely contends that he has met the Mississippi standard of constructive notice. Rather, he argues that a showing of constructive notice should not be required in regard to a self-service retail store. Because the proprietor has decided, for his own commercial purposes, to allow customers to roam freely through his store, he should bear the costs occasioned by the risk they create.
Newell relies primarily on cases from other jurisdictions, especially Ciminski v. Finn Corp., 13 Wash. App. 815, 537 P.2d 850 (1975). In that case, a customer in a self-service cafeteria had slipped in a liquid spilled on the floor near the serving line and the restroom. The court concluded *103 that a plaintiff need not prove that the operator of a self-service business had actual or constructive notice of the particular hazard which caused the injury. It would be sufficient to show that he had actual or constructive notice that such hazards could occur, and that he had not taken reasonable measures to forestall them. The court went on to say, however:
Requiring the owner of a self-service operation to exercise reasonable care in protecting his business invitees from the foreseeable risks of his method of doing business does not make such owner an insurer of those on his premises. If he has taken all precautions reasonably necessary to protect his invitees from injury, he is not liable merely because someone is injured on his property. (Id. at 823, 537 P.2d at 855).
See also Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966); Forcier v. Grand Union Stores, Inc., 128 Vt. 389, 264 A.2d 796 (1970). Contra, Allen v. Federated Dairy Farms, Inc., 538 P.2d 175 (Utah 1975).
This principle finds some slight support, although in a different context, in our own cases. In F.W. Woolworth Co. v. Stokes, 191 So.2d 411 (Miss. 1966), this Court held that where the proprietor of a store had knowledge that mud and water were being tracked into his store on a rainy day, the plaintiff need not prove constructive notice of a particular puddle, but only that the proprietor had not taken reasonable precautions to protect against the general hazard. Id. at 416-418. It should be noted that this reasoning applied to a hazard which was only present on intermittent occasions, and not to a hazard inherent in the proprietor's method of doing business.
Assuming, without deciding, that the operator of a self-service business has a general duty to take reasonable precautions to protect his customers against a general category of hazards caused by other customers, even though he has no constructive notice of the specific hazard involved, we must conclude that such reasonable precautions were taken in this case. The record discloses that the aisles were swept daily and that a security officer made periodic rounds of the store. Furthermore, all employees were instructed to straighten up their departments and to be alert for safety hazards. We cannot hold that they were required to do more.
Newell seems to argue that accidents are an inevitable concomitant to doing business in a self-service fashion and that such costs should be charged to the proprietor. The law does charge certain costs of preventing accidents to the proprietor, but the law does not require that he provide perfect protection against accidents. Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss. 1967). Even Ciminski only requires that he take reasonable precautions. Furthermore, our law requires that he must remove those hazards of which he has actual or constructive notice. It should be noted that the customer as well as the proprietor benefits from a self-service operation. The customer chooses to shop in a self-service store for his own convenience, and it is reasonable that the law should impose upon him a certain duty to look out for his own welfare. Where, as here, the proprietor has taken reasonable precautions to protect his customers, the costs of accidents must fall on those customers who are in a better position to look out for themselves.
Because we have concluded that there is no theory of law under which the evidence presented in this case can support a finding of negligence, the judgment must be reversed and rendered.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.