Virginia MERGENDAHL, Plaintiff,

v.

C.J. GAYFER & COMPANY, INC., Defendant.

Civ. A. No. S86-0073(NG).

United States District Court,
S.D. Mississippi, S.D.

Feb. 23, 1987.

Joe Sam Owen, Gulfport, Miss., for plaintiff.

Alben N. Hopkins, Mark W. Davis, Gulfport, Miss., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEX, District Judge.

This matter is before the court for decision on the Motion for Summary Judgment

filed by Defendant, C.J. Gayfer & Company, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court being fully advised in the premises hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff's complaint arises out of an alleged "slip and fall" accident which occurred at the Gayfers department store in Biloxi, Mississippi, on December 26, 1985, after her entrance into the store around 10:00 A.M.

2. Plaintiff Virginia Mergendahl alleges that she slipped and fell after stepping on an object located in the middle of an aisle located in the Gayfers department store.

3. Plaintiff Virginia Mergendahl is unable to identify the object. Her deposition testimony discloses that she is unable to state where the object came from or how the object got on the floor. Plaintiff states she did not see anything on the floor before she fell.

4. Gayfers department store employees who arrived first on the scene of the accident, Anne Walker and Paul Owens, were also unable to identify the object.

5. Consistent with Defendant's established cleaning procedure, the floor where Virginia Mergendahl allegedly fell would have been mopped and buffed approximately two hours prior to her fall. Furthermore, all employees of Gayfers have the responsibility to continually check the store's floors for foreign objects. There is no evidence whatsoever that any employee of Gayfers put the object on the floor, knew or should have known of its existence on the floor, or was able to determine how the unknown object got on the floor.

### Conclusions of Law

1. Federal Rule of Civil Procedure 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also* *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fontenot v. Upjohn,* 780 F.2d 1190, 1194–95 (5th Cir.1986).

2. In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or to a business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283 (Miss.1986).

3. With respect to a proprietor's knowledge of a dangerous condition existing on the premises, there are two rules of fundamental significance. When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need be shown. *Douglas v. Great Atlantic and Pacific Tea Company,* 405 So.2d 107, 110 (Miss.1981); *Millers of Jackson, Meadowbrook Road, Inc. v. Newell,* 341 So.2d 101, 102 (Miss.1977); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes,* 247 Miss. 575, 584, 156 So.2d 734, 736 (1963). Where the presence of the dangerous condition is due to the acts of a third party, it must be shown that the Defendant had actual or constructive knowledge of its presence. *Douglas,* 405 So.2d at 110; *Newell,* 341 So.2d at 102; *Hughes,* 247 Miss. at 584, 156 So.2d at 736.

4. Constructive knowledge is established by the proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it. *Douglas v. Great Atlantic and Pacific Tea Company,* 405 So.2d 107, 120 (Miss.1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes,* 247 Miss. 575, 584, 156 So.2d 734, 736 (1963).

5. In the case *sub judice* the Court is satisfied that Defendant discharged its duty of care and may not be held liable for any alleged breach thereof. Specifically, the Court finds that the lapse of time between the time when the store's floors

were cleaned, approximately 8:00 A.M., and the time when the accident occurred, approximately 10:00 A.M., is not sufficient by itself to prove the length of time the object had been on the floor and is otherwise insufficient to give reasonable notice to the Defendant of the object's presence on the floor. *See Waller v. Dixieland Food Stores, Inc., supra,* at 286. Given the present state of the record in this cause, a jury would have to resort to unreasonable speculation before returning a verdict against the Defendant. The Court therefore finds that Defendant's Motion for Summary Judgment is meritorious and should be granted.

A Judgment consistent with the above Findings of Fact and Conclusions of Law shall be submitted by the Defendant within ten (10) days from the date hereof.