**David L. EVANS, Plaintiff,**

v.

**UNITED STATES of America, Defendants.**

**Civ. A. No. 1:91–CV–295(R)(R).**

United States District Court, S.D. Mississippi, S.D.

March 9, 1993.

---

Joe Sam Owen, Owen, Galloway & Clark, Gulfport, MS, for plaintiff.

Crockett Lindsey, Asst. U.S. Atty., Dept. of Justice, Biloxi, MS, for defendants.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on the Motion of the defendant the United States of America to Dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, or in the alternative, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTS

On October 17, 1990, plaintiff David L. Evans (hereinafter "Evans") was injured while conducting business at the main post office facility located at 135 Main Street, Biloxi, Mississippi. As plaintiff was exiting the building he allegedly slipped and fell through the glass window adjacent to the front doors of the building. In 1958 the subject building was dedicated by the General Services Administration and title was transferred to the United States Postal Service in 1976. The pertinent safeguard amendments of the Consumer Product Safety Commission, which apply to the subject glass, went into effect July 6, 1977.

Subsequent to his fall, the plaintiff submitted an administrative claim to the postal service on April 24, 1991. In the aforementioned administrative claim, plaintiff sought $300,000 for personal injury creating a total sum of $500,000 in damages. The postal service denied the administrative claim on June 7, 1991. The plaintiff then filed the subject lawsuit on July 5, 1991.

Defendant contends Evans was "exiting the concession area of the postal office in Biloxi, Mississippi," when he was injured. Allegedly, "as he was proceeding to the front door, Evans slipped and fell into and through the plate glass window." The plate glass shattered causing Evans to suffer extensive lacerations to his right knee, right ankle and left ankle, his arm and face, arterial bleeding with tendon and ligament severance and significant blood loss.

Plaintiff's complaint asserts the United States was negligent in the following respects which was the cause or proximate contributing cause of Evans's fall and his resulting injuries, to-wit:

1) In negligently failing to properly maintain the floor;

2) In negligently failing to prevent a dangerous condition from existing on the floor by allowing the surface to become unsafe for patrons to walk on;

3) In negligently allowing the surface to remain in an unsafe condition; and

4) In negligently exposing the public to the plate glass window which was not safe as required.

Plaintiff "demands damages in accordance with the Administrative claim filed in this cause" ($500,000) and "all costs of this action."

## DISCUSSION

This Court asserts subject matter jurisdiction over the plaintiff's claim under the provisions of the Federal Tort Claim Act (hereinafter "FTCA"), 28 U.S.C. Section 2671, *et seq.* Under the laws of the United States of America, this Court has original and exclusive jurisdiction of the parties and of the subject matter of this litigation.

Defendant motions this Court to dismiss this suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides, in pertinent part, the following:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Attached to the defendant's motion are matters outside the pleadings which this Court has considered; therefore, this Court will address the motion according to Rule 56 which controls Motions for Summary Judgment.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In *St. Amant v. Benoit*, 806 F.2d 1294, 1296–97 (5th Cir.1987), the Fifth

Circuit addressed the law as regards summary judgment and stated that "[t]he mere existence of a factual dispute does not by itself preclude the granting of summary judgment. '[T]he requirement is that there be no **genuine** issue of **material** fact.' *Anderson v. Liberty Lobby*, 477 U.S. [242], [248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986) (emphasis in original.)" (citations omitted).

The Fifth Circuit has addressed when an issue is genuine.

[A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in Liberty Lobby that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics &*

*Specialty Co. v. H & M Construction Co., Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

■ Further, the court in *Baker v. Frank*, 723 F.Supp. 1183, 1186 (W.D.La.1989) noted:

... only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment.

Hence, absent a showing of disputed facts which would affect the outcome of the case should it go to trial, the granting of summary judgment is warranted.

In the case sub judice, this Court recognizes that the parties agree there is a controversy as to how the plaintiff managed to break the glass, either by walking or falling into the window. This Court finds this to be a question of causation which the Court will not address unless a duty or breach of duty is established. The foremost issues are whether the defendant was required by law to have replaced the subject glass, thus creating a duty owed to the plaintiff, or if the defendant negligently breached the duty of reasonable care owed to the plaintiff, a business invitee, by allowing a dangerous floor condition to exist. Again, if no duty exists, there is no need to address the issue of causation. This Court finds, for the following reasons, there was no duty of the defendant to replace the type glass as claimed by the plaintiff nor did the defendant breach any duty owed to the plaintiff as a business invitee.

First, the plaintiff alleges in Count VII of the complaint the defendant was negligent in failing to properly maintain the floor; failed to prevent a dangerous condition from existing on the floor by allowing the surface to become unsafe for patrons to walk on; and allowed the surface to remain in an unsafe condition. The plaintiff in the case sub judice is classified as a business invitee.

The leading English case of *Indermaur v. Danes*, 1866 L.R. 1 C.P. 274, 35 L.J.C.P. 184, affirmed, L.R. 2 C.P. 311, 36 L.J.C.P. 181, laid down the rule that as to those who enter premises upon business which concerns the occupier, and upon his invitation express or implied, the latter is under an affirmative duty to protect them, not

only against dangers of which he knows, but also against those which with reasonable care he might discover.

Black's Law Dictionary 827 (6th ed. 1990).

 Under the applicable Mississippi law, an owner, occupant, or person in charge of premises owes to a business invitee a duty to exercise reasonable care to keep the premises in a reasonably safe condition or to warn the invitee of the dangerous conditions, not readily apparent, which the owner or occupant knows of or should have known of the existence exercising reasonable care. See *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283 (Miss.1986). The duty of "reasonable care" is not absolute care; it's qualified. "Reasonable" is defined as "fair, proper, just, moderate, suitable under the circumstances." Black's Law Dictionary 1265 (6th ed. 1990). "Reasonable care" is defined as "that degree of care which a person of ordinary prudence would exercise in the same or similar circumstances. *Pierce v. Horvath*, 142 Ind.App. 278, 233 N.E.2d 811, 815 (1968). There is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated or from those which the occupier neither knew about nor could have discovered with reasonable care. See *Chew v. Paramount–Richards Theatres, Inc.*, 14 So.2d 583 (La.App. 2d Cir.1943) and *Marinpoliski v. Irish*, 445 A.2d 339 (D.C.1982).

 If the condition is caused by a third party, constructive knowledge on the part of the occupant is required. Constructive knowledge is proven by showing that the condition existed for such a length of time that the owner/occupant should have known about it. *Douglas v. Great Atlantic & Pac. Tea Co.*, 405 So.2d 107, 120 (Miss.1981); *Mississippi Winn–Dixie Supermarkets v. Hughes*, 247 Miss. 575, 156 So.2d 734, 736 (1963).

 Plaintiff stated in his deposition when asked what caused him to slip, "I couldn't honestly tell you whether it was a wet floor, something on floor...." (Evans deposition at 23). The postal service's preventive-custodial maintenance route schedule, in the record, indicates the lobby was routinely mopped and cleaned between the hours of 6:00 a.m. and 8:00 a.m. on Wednesday mornings. The accident in question occurred in the late afternoon on Wednesday, October 17, 1990; therefore, plaintiff's inference that the floors were wet as a result of cleaning is unsubstantiated. An accident is not sufficient by itself to prove that a dangerous condition existed at the time of the accident. *Mergendahl v. C.J. Gayfer & Co.*, 659 F.Supp. 351 (S.D.Miss.1987).

"The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." W. Prosser and K.P. Keeton, Handbook of the Law of Torts Section 61 (5th ed. 1984). Therefore, this Court concludes there is no evidence shown unto this Court which would substantiate plaintiff's contention that the defendant breached the duty of reasonable care owed to the business invitee plaintiff by being negligent. Although this case would be a non-jury trial, assuming it was not, there is no genuine issue of material fact from which the trier of fact could find negligence to exist.

 Second, this Court examined whether or not the defendant owed a duty to the plaintiff to replace the present window glass with the type of glass installed post July 6, 1977. There are two regulations governing the type of glass required in adjacent windows to the entrance doors in the postal office in Biloxi, Mississippi. The Consumer Product Safety Commission prescribed safety standards for architectural glazing materials on January 6, 1977, to become effective July 6, 1977. 16 C.F.R. Section 1201. However, this requirement is only applicable to the litigated glass contained in the subject building if the glass was replaced. In the affidavit of T.M. Stafford (hereinafter "Stafford"), he states "I have worked at this postal facility for approximately twenty-six years and my recollection is that the window that David Evans collided with had never been replaced prior to the accident which occurred on October 17, 1990."

Further, Chapter 27 of the Standard Building Code of 1985, which was adopted by the City of Biloxi, Mississippi, lists the type

of glass required next to entrance doors and Section 2703.2 of the Building Code describes the locations where special glass must be installed. The subject glass complies with the requirements set forth in the Biloxi Building Code. Furthermore, plaintiff failed to show to this Court any evidence that the doors were negligently constructed.

This Court concedes that federal laws controlling government buildings, if stricter, supersede local building code regulations. However, in the case at bar, the plaintiff is asking this Court to impose court created regulations to be followed solely by the defendants. To require the defendants to comply with stricter policies than all other building occupants in Biloxi and in federal buildings would be blatant discrimination on the part of this Court. Further, to require the government to replace all non-conforming windows installed prior to the issuance of the Consumer Product Safety Commission regulation would be an undue economic burden on the government. Had the Safety Commission found the present windows to be a threat or dangerous risk, it would have passed mandatory regulations requiring immediate replacement of all windows in the same manner that a manufacturer recalls an unsafe product.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the defendant the United States of America to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that each party shall bear their own costs.

**SO ORDERED AND ADJUDGED.**