**Joe LINDSEY and Betty Lindsey, Plaintiffs,**

v.

**SEARS ROEBUCK AND COMPANY, Defendant.**

**Civ. A. No. 3:92–CV–393BC.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 17, 1993.

---

Lindsay C. Patterson, Ott, Purdy & Scott, Jackson, MS, for plaintiffs.

Joseph L. McCoy, McCoy, Wilkins, Stephens & Tipton, Jackson, MS, for defendant.

### MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Motion of Defendant Sears Roebuck and Company for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court, having considered the Motion and the Plaintiff's Response, together with supporting and opposing memoranda and attachments, finds that Defendant's Motion is well taken and should be granted.

### I. BACKGROUND

Plaintiffs, Joe and Betty Lindsey, filed a Complaint on June 19, 1992, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, alleging injuries due to the negligence of Sears Roebuck and Company ("Sears"). Defendant, Sears, on July 9, 1992, removed the action to this Court pursuant to 28 U.S.C. § 1441. This Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

On June 20, 1990, Plaintiff, Joe Lindsey ("Lindsey") was shopping for a lawn mower in the Sears store in the Metrocenter Mall in Jackson, Mississippi. In his Complaint, the Plaintiff alleges that he tripped and fell in the home and garden equipment department of Sears. Specifically, Lindsey claims that he tripped over the blade of a sickle mower which was protruding into the aisle and fell to his hands and knees, injuring his back. According to Lindsey, the aisle was about two and one half feet wide, and the mower blade was sticking out into the aisle at least six or eight inches. Dep. of Lindsey at 41, 42, 46, 49, 50. The wheel of the mower was also in the aisle. Id. at 43. Lindsey does not know how the mower got into the walkway and does not believe that Sears intentionally placed the mower into the walkway. Dep. of Lindsey at 50, 68, 86. According to Lindsey, the mower appeared to be out of its usual place. Id. at 50, 86.

None of the named witnesses actually saw Lindsey fall, nor did they see the mower blade protruding into the aisle. Lamar Craft, a Sears employee who was working in the home and garden equipment department on June 20, 1990, did not see the mower blade in the aisle. Craft did not know that Lindsey tripped and fell over the blade. Aff. of Craft at 1, 2. Milton Schultz, a former Sears employee who was working on the day of the alleged accident, also did not see Lindsey fall or have any knowledge that he fell. Aff. of Schultz at 1, 2. Both of these employees said that they continually walked through the aisles of the department, at least every hour. Neither of them saw the mower blade protruding into the aisle. Aff. of Schultz at 1; Aff. of Craft at 1.

At least two customers were present in the home and garden equipment department on June 20, 1990 when Lindsey allegedly fell. W.H. Wells was not aware that Lindsey fell in the store. Dep. of Wells at 14–15. Wells did not know whether the mower blade was protruding into the aisle. Id. at 21–22. Shortly after the incident while in the Sears

parking lot, Lindsey asked Wells if he had witnessed the fall. Wells told Lindsey that he heard some sort of commotion but did not see anything. At Lindsey's request, Wells gave his name and address to Lindsey. *Id.* at 17, 18.

Roscoe Johnson, another customer in the department, saw Lindsey on his hands and knees, apparently in the process of getting up from a fall. Dep. of Johnson at 8. Johnson noticed that an older gentleman was helping Lindsey get up; this person has not been identified as a witness by either party. Johnson assumed that the gentleman helping Lindsey was a Sears employee; but, he did not see any identification on this person to verify this assumption. Dep. of Johnson at 26–27. Johnson did not see anything protruding into the aisle which could have caused Lindsey to fall. *Id.* at 22.

Carroll Foster ("Foster"), the general manager of this Sears store testified by affidavit that security personnel, management staff and other employees are instructed to continually walk through the store aisles to check for any safety hazards or out-of-place merchandise. The entire store is observed by loss prevention personnel through the use of closed circuit television cameras. These persons are trained to look for safety hazards. Aff. of Foster at 1. Employees, including those listed above, are instructed that if they observe a safety hazard, to remove the hazard immediately and to call for assistance if necessary. *Id.* at 1.

If an employee sees a customer fall in the store, policy requires that the employee notify the store operator immediately. An accident report must be completed and filed after any such incident. Aff. of Foster at 2; Aff. of Schultz at 1; Aff. of Craft at 1, 2. Foster examined all accident reports filed at Sears on June 20, 1990 and found no record of any accident by Lindsey. Aff. of Foster at 2.

There is some dispute concerning whether Lindsey actually tripped and fell at Sears on June 20, 1990. *See* Memorandum Brief of Plaintiffs in Opposition to Defendant's Motion For Summary Judgment at 6–7; Rebuttal Memorandum In Support Of Motion For Summary Judgment of Sears Roebuck and Company at 2. As the Defendant's rebuttal memorandum makes clear, Sears is not questioning whether Lindsey actually fell for the purposes of this Motion for Summary Judgment. Sears is assuming *arguendo* that the fall actually occurred as Lindsey described.

## II. *SUMMARY JUDGMENT STANDARD*

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. However, the movant need not support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. at 2553. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there

is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper merely where the court believes it unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### III. *ANALYSIS*

■ In Mississippi, an owner or proprietor of a business owes to a business invitee a duty of ordinary care to keep the business premises in a reasonably safe condition. *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283, 285 (Miss.1986). An owner has a duty to warn invitees of dangerous conditions which are not apparent to the invitee, of which the owner or occupier knows or through the exercise of reasonable care should know. *Id.* The owner or proprietor of a store is not, however, an insurer against all injuries which may occur on the premises. *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988).

■ The Mississippi Supreme Court has set forth the standard by which a plaintiff may recover in a slip and fall case:

> [A plaintiff] must show the proprietor had actual knowledge of a dangerous condition, *or* the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, *or* the dangerous condition was created through a negligent act of a store's proprietor or his employees.

*Munford, Inc. v. Fleming,* 597 So.2d 1282, 1284 (Miss.1992). A plaintiff may proceed under any of the three proof alternatives outlined above. However, the plaintiff must produce some evidence which creates a genuine issue of material fact regarding the Defendant's liability. In the present case, the Plaintiff has failed to produce any evidence which would allow a reasonable jury to impose liability on Sears based upon any of the three possible alternatives.

■ If the presence of a dangerous condition is due to the act of a third party, the plaintiff must show that the defendant had actual or constructive notice of the hazard. *Douglas v. Great Atl. & Pac. Tea Co.,* 405 So.2d 107, 110 (Miss.1981); *Millers of Jackson; Meadowbrook Road, Inc. v. Newell,* 341 So.2d 101, 102 (Miss.1977). There is no proof in the record that Sears had any actual knowledge that the sickle mower's blade was protruding into the aisle. The Plaintiff has presented no evidence that any employee of Sears knew that the mower was present in the aisle. Both of the employees on duty at Sears at the time of the accident, Lamar Craft and Milton Schultz, testified that they periodically walked the aisles to check for any safety hazards or merchandise which might be out of place. Both employees further stated that if any merchandise were found to be out of place, they would have straightened it immediately. Aff. of Schultz at 1–2; Aff. of Craft at 1–2. The Plaintiff has produced no witnesses which have any knowledge concerning actual notice to a Sears employee of the alleged hazardous condition of the sickle mower blade protruding into the aisle.

■ If the plaintiff wishes to rely on the doctrine of constructive notice, he must show that the hazardous condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have known of it. *Douglas,* 405 So.2d at 110. No evidence appears in the record that the protrusion of the mower into the aisle existed for such a length of time that Sears, through the exercise of reasonable care, should have known of it. Milton Schultz testified that he periodically walked the aisles to check for any out-of-place merchandise or hazardous conditions. He estimated that staff members "walked each aisle of the department at least every hour and probably more often than that." Aff. of Schultz at 1. Lamar Craft similarly testified that he patrolled the aisles periodically, and that all aisles were checked

at least once an hour by some staff member. Aff. of Craft at 1. No contrary evidence was presented by Lindsey concerning how long the mower had been in the aisle. "To establish a negligence claim in a slip and fall case, proof that the [hazardous condition existed] for a sufficient amount of time to give reasonable notice to the proprietor is required." *Waller*, 492 So.2d at 286. Thus, the Plaintiff fails to present a genuine issue of material fact regarding constructive notice.

■ The Plaintiff faults the court in *Mergendahl v. C.J. Gayfer & Co.*, 659 F.Supp. 351 (S.D.Miss.1987) for supplanting the jury's role because the judge found that "the lapse of time between the time when the store's floors were cleaned, approximately 8:00 A.M., and the time when the accident occurred, approximately 10:00 A.M., is not sufficient by itself to prove the length of time the object had been on the floor...." 659 F.Supp. at 352–53. The Mississippi Supreme Court, however, has held that a similar time lapse (two and one-half hours) was insufficient standing alone to prove how long a puddle of pink liquid had been on the floor. *Waller*, 492 So.2d at 285. The hazardous condition could have occurred at the beginning of the time frame or just before the plaintiff came into contact with the condition. *Id.* at 286; *see also Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss.1967) (holding that it is not logical to assume that a hazardous condition occurred at the beginning, rather than the end, of a given time frame). Here, the employees testified that they checked the aisles at least once each hour. As noted above, this time frame is sufficiently short to find that Sears has complied with the required standard of care.

■ The third possible theory under which Lindsey might recover is to prove that the presence of the sickle mower in the aisle was due to the negligence of Sears. "When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need be shown." *Waller*, 492 So.2d at 285. However,

> [p]roof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor. Proof that the floor on

which the fall occurred had present thereon litter and debris is similarly insufficient; and the doctrine of *res ipsa loquitur* is inapplicable in cases of this kind.

*Sears, Roebuck & Co. v. Tisdale*, 185 So.2d 916, 917 (Miss.1966). Similarly, in this case, proof that the blade of the sickle mower was protruding into the aisle, standing alone, is insufficient to prove negligence on the part of Sears.

■ The question here is whether Sears failed to act as a reasonable proprietor by failing to maintain a safe shopping area for the customers. Lindsey testified that the mower appeared to be out of its regular place, but conceded that a Sears employee would not have placed the mower in that position. Dep. of Lindsey at 50. Neither of the customer witnesses knew that the mower blade was in the aisle or how it got there. Dep. of Wells at 20–21; Dep. of Johnson at 22–23. Both of the employees on duty at the time have stated that they had no knowledge of the mower being in the aisle or how it came to be in that position. Aff. of Schultz at 2; Aff. of Craft at 1. Carroll Foster testified by affidavit concerning the various procedures which employees of Sears are instructed to follow. Aff. of Foster at 1–2. These procedures are detailed, *supra*, in the Background section. Such procedures have been routinely upheld by the Mississippi Supreme Court as consistent with the duty of reasonable care owed by a proprietor. *See Waller*, 492 So.2d at 285 (holding that the presence of a pink liquid on the floor could not be traced to any act of the employees of the store); *Millers of Jackson*, 341 So.2d at 103 (holding that "all employees were instructed to straighten up their departments and to be alert for safety hazards. We cannot hold that they were required to do more.").

The Plaintiff argues that the information contained in the affidavits of the Sears employees submitted by the Defendant is no more than habit evidence under Rule 406 of the Federal Rules of Evidence which should be submitted to a jury "to accord testimony of habit whatever weight it feels is due." Memorandum Brief of Plaintiffs in Opposition to Defendant's Motion for Summary

Judgment at 8. This argument does not take into account the holding in *Millers of Jackson, supra,* where the court found that procedures similar to the ones in this case satisfied the proprietor's duty of care owed to business invitees. 341 So.2d at 103. Similarly, in *Waller,* the Mississippi Supreme Court held that the trial judge did not err in granting a judgment notwithstanding the verdict because the only way that a jury could have found against the defendant would be "through unreasonable speculation." 492 So.2d at 286. *Waller* involved a plaintiff who slipped on pink liquid which was on the defendant's floor; there was no evidence in the case that the defendant was responsible for placing the liquid on the floor. *Id.* at 285.

■ Regarding the affidavits by Sears employees, the Plaintiff claims that such testimony "should be subjected to that great engine of truth, cross-examination." Memorandum Brief of Plaintiffs in Opposition to Defendant's Motion for Summary Judgment at 7. The Plaintiff could have deposed either or both of the Sears employees who are witnesses in this action. Failure to use this discovery device should not afford the Plaintiff the right to proceed to trial. The Plaintiff asserts that the Defendant's reliance on *Mergendahl* is misplaced because that case "considers only actual notice." Memorandum Brief of Plaintiffs in Opposition to Defendant's Motion for Summary Judgment at 8–9. The Plaintiff further claims *Mergendahl* is distinguishable because the plaintiff in that case could not identify the object on which she fell. *Id.* Neither of these arguments is appropriate. The *Mergendahl* court considered the very issue which is dispositive in this case, whether the defendant was responsible for creating the hazardous condition. The court found that there was "no evidence that any employee of Gayfers put the object on the floor, knew or should have known of its existence on the floor, or was able to determine how the unknown object got on the floor." 659 F.Supp. at 352. Furthermore, the fact that Lindsey can identify the object which caused his fall is immaterial; as noted above, the issue is whether a Sears employee was responsible for putting the mower in the aisle or had actual or constructive notice that the mower was in the aisle.

The Plaintiff has submitted no evidence from which a reasonable jury could conclude that Sears negligently placed the mower in the aisle or had actual or constructive notice that the mower was in the aisle.

■ The Plaintiff relies heavily on cases from other jurisdictions for the proposition that summary judgment is rarely appropriate in negligence cases. *See, e.g., Ashby v. Hustler Magazine, Inc.,* 802 F.2d 856 (6th Cir. 1986); *Hughes v. American Jawa, Ltd.,* 529 F.2d 21, 23 (8th Cir.1976); *Bremenkamp v. Beverly Enterprises–Kansas, Inc.,* 762 F.Supp. 884, 890 n. 10 (D.Kan.1991); *Barron v. Honeywell, Inc.,* 69 F.R.D. 390, 392 (E.D.Pa.1975). All of these cases presented genuine issues of material fact which should be presented to a jury. As the *Bremenkamp* court noted, however, "[t]hese issues … may be decided by the court when all of the evidence upon which a party relies is undisputed and susceptible of only one inference." 762 F.Supp. at 890. In the present case, the Court is not faced with the elusive "reasonable person" standard; the standard of care owed by a proprietor to a business invitee is quite clear in Mississippi law. *See Munford, supra,* and cases cited therein. Furthermore, in this case, there are no genuine issues of material fact which are in dispute. A jury could only hold for the Plaintiff through "unreasonable speculation." *Waller,* 492 So.2d at 286. Thus, the Plaintiff's argument that most negligence cases are not appropriate for summary judgment disposition fails in this particular situation.

## IV. WIFE'S LOSS OF CONSORTIUM CLAIM

■ The other Plaintiff in this action is Betty Lindsey, wife of Joe Lindsey. Her claim is for loss of consortium growing out of the injuries claimed by Joe Lindsey. Although not addressed by either Defendant in its Motion for Summary Judgment or by Plaintiff Joe Lindsey in his response, in Mississippi a loss of consortium claim is wholly dependent upon a recovery of the primary claim of the injured spouse. *Choctaw, Inc. v. Wichner,* 521 So.2d 878, 881–82 (Miss.1988). Since the personal injury claim of Joe Lind-

**508**

sey fails, so also does the loss of consortium claim of Betty Lindsey.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is granted. A separate judgment finally dismissing this case will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED.